CUMMING *against* THE DEVISEES and TERTENANTS of
EDEN.

Devisees, &c.
cannot object,
by motion,
that the heirs
are not war-
ned on a *sci.
fa.* but only by
a plea in a
batement.
Two *nihils*
are equal to
a *scire feci,*
where the ter-
tenants, &c.
are named in
the writ; oth-
erwise, where
it is general.
How the
return should
be in the last
case.
In proceeding
by two *nihils*
the *al. sci. fa.*
should lie in
the sheriff's of-
fice four days,
exclusive both

BURR, for the defendants, moved to set aside the writs of *scire facias* and *alias scire facias*, issued in this cause, with all subsequent proceedings, for irregularity.

The *sci. fa.* recited a judgment against *Eden & Pelatreau ;* that *Eden* is since dead ; and directed the Sheriff to make known to *Rachel*, the widow of *Eden ; Sally Ann, Elizabeth* and *Rebecca*, daughters of the said *Rachel*, and *John Pelatreau*, devisees of *Eden* ; and also to the tertenants of all the lands, &c. in his bailiwick, of which *Eden*, &c. was seized, &c. This writ was tested *May* 18*th*, 1822, returnable the 1*st Monday* of *August* thereafter, and returned thus : " The within named defendants have nothing in my bailiwick, whereby I can cause them to know, as within I am commanded, nor are they or either of them found in the same. *M. M. Noah*, Sh'ff." The writ was filed 5*th August*, 1822. An *alias sci. fa.* then issued, in the same form, tested *August* 5*th*, 1822, returnable the 9*th* of the same of the day of its being lodged there, and of the return day.

month, on which the same return was indorsed. The same day a rule to appear and plead was entered, and a default for not appearing taken on the 14*th*, upon which a judgment was afterwards perfected, in *January* last, and execution issued, &c. The Under Sheriff swore that he returned the writs *nihil*, by direction of the plaintiff's attorney.

NEW-YORK,
May, 1823.

CUMMING
v.
EDEN.

*Burr*, objected, 1. That the *alias sci. fa.* had not lain four clear days in the Sheriff's office. That this is necessary, he referred to *Tidd*, 1040, and *Forty* v. *Hermer*, (4 *T. R.* 583.)

2. The writ does not command the Sheriff to warn the *heirs*, but only the *devisees* and *tertenants*. In support of this objection, he referred to *Bac. Abr. scire facias, C.* 5 ; *Tidd*, 1033 ; 2 *Wms. Saund.* 8 *n.* and *id. p.* 72.(*a*)

3. A return of *nihil* is not good against *tertenants* or *devisees*, but the Sheriff ought to return, either that there are *none*, or that they have been *personally* summoned. (*Tidd*, 1038. 2 *Wms. Saund.* 72 *r.*)

*I. Smith*, contra, said, that in this proceeding, the practice as laid down in 2 *Sell. Prac.* 197, had been consulted and pursued. The writ had lain four days in the Sheriff's office, as there directed. As to the objection that the *heir* was not summoned, he read an affidavit, shewing that *Eden's* whole estate had been *devised*. He insisted, in answer to the 3d objection, that *tertenants* and *devisees* are not an exception to the general rule, which prevails in the proceeding by *sci. fa.* that two *nihils* are equivalent to a *scire feci*.

*Burr*, said there was always an *heir* at law, for the purposes of a *sci. fa.* The will may be void ; and the heir should always be brought in. When here, he may either plead *riens per descent*, if the will be good, or, if void, he should be warned, in order to subject the land to an execution.

*Curia.* It is objected that the *sci. fa.* should have been against the *heirs* as well as *tertenants*, &c. the former being

(*a*) But vid. *Sir Christopher Heyden's case*, *Cro. Eliz.* 896, and *Sheepshanks et uxor* v. *Lucas*, 1 *Burr. Rep.* 412-13.

NEW-YORK, liable to contribution. But such an objection cannot be
May, 1823. urged in this form. It should have been pleaded in *abate-*
CUMMING *ment.* The case of *Whitney* v. *Camp et al.* (3 *John. Rep.*
v. 86,) is a decisive answer to this ground. It is equally well
EDEN. settled that two *nihils* are equal to a return of *scire feci ;*
and the rule applies to a proceeding against heirs, devisees
and tertenants, provided they are *named* in the writ. But
where it is against the heirs, devisees and tertenants, gener-
ally, *without naming them,* it is not sufficient to return *nihil,*
but the Sheriff must return, whether there are any such
persons in his bailiwick. He must say either that there are
none, or that he has warned them to appear, naming and des-
cribing them, as tenants of all the lands in his bailiwick,
&c. or certain lands in his bailiwick, &c. and that there are
no others. (*Tidd's Prac.* 1038. 2 *Wms. Saund.* 72, *r. Pan-
ton* v. *Hall, Carth.* 105. *S. C.* 2 *Salk.* 598.)(*b*) The writ, in
this case, being general against the *tertenants,* the return of
*nihil* simply, was, therefore, not sufficient to warrant the

(*b*) The exception made in *Tidd's Pract.* and *Saund. Rep.* cited in this case,
that where the writ is general, *nihil* will not do, is grounded on books of en-
tries there referred to, which contain, simply, the form of the return in such
case, viz. *Co. Ent.* 622, *a. Herne,* 327; *Dalt. Sher.* 559 ; *Thes. Brev.* 269, 96,
279, 288; *Lill. Ent.* 385, 386 ; with *Carth.* 105, and 2 *Salk.* 598 ; sanctioning
these forms. They also refer to the form of *nihil* against an heir and *terre-
tenants,* or against them severally, in *Thes. Brev.* 253, 271, 283. *Lill. Ent.*
385 ; *Tidd's Pract. Forms,* 457 ; *Off. Brev.* 278, 282, 286 ; and of *nihil* as to
the heir, and *scire feci* to the *terre-tenants* of one defendant, and *nihil* as to
the heir and *terre-tenants* of another, *Tidd's Pract. Forms,* 457. There
seems to be no adjudged case, until the present, which, in terms, either sanc-
tions or denies two *nihils,* in a proceeding against *terre-tenants,* &c. This
question was discussed by Mr. *Campbell* and Mr. *Henry,* in *Morton* v. *Cro-
ghan,* 20 *John.* 111, 117, and the absurdity of allowing two *nihils,* in such a
case, much insisted upon ; and Mr. *Butler* and Mr. *Talcott,* (A. G.) *p.* 114,
on the other side, admit, that in such a case, the *terre-tenants* may be let in
to defend, on disclosing a good defence. But the cause turning on another
point, this question was not decided. The form of the *nihil,* on the general
writ, is thus : " There are not any heirs, or tenants of the lands or tenements,
whereof the within named *C. D.* was seized, at the time of the rendition of
the judgment within mentioned, or ever after, in my bailiwick, whereby I
can give notice to them, or either of them, as within I am commanded."
*Imp. Sh.* 486, and vid. *Tidd's Pract. Forms,* 287, *Alb. ed.* Now it is clear,
that the sheriff could make no other return than this, except *scire feci ;* for

plaintiff's second writ, and subsequent proceedings. But, if the return were good, the 2d writ did not lie a sufficeint time in the Sheriff's office. The rules and practice of the Court of King's Bench, are ours, in those cases not provided for by the rules of this Court. The length of time during which a *sci. fa.* shall be left in the office of the Sheriff, depends upon the general rule in that Court. (5 *Geo.* 2.) That rule declares, that every writ of *scire facias*, of which notice shall be given to the defendant, shall be left in the office four days before the return, *exclusive* of the day of the return; and that every writ of *alias scire facias* shall be left in the office four days, *exclusive, before the return.* In *Wilson* v. *Farr*, (4 *Barnw. & Alders.* 357,) that Court decided, that, under this rule, the *latter four days* must be exclusive of the day on which the writ is lodged with the Sheriff, and of the return day also. Testing this case by that decision, to which we assent, the plaintiff has, clearly, been irregular. Here were but four days, *including* the return day of the *alias scire facias.*

Motion granted.

---

if there be heirs, or *tertenants*, in his county, or, if they reside elsewhere, and have lands in his county, it would be false, on its face, to make the common return of *nihil*, viz. " They have nothing in my bailiwick, where, or by which, I can give them notice, as within I am commanded, nor are they found within the same." (*Imp. Sh.* 485, and vid. *Tidd's Pract. Forms, Alb. ed.*286.) Whereas, if the heirs and tertenants be named in the writ, the proceedings seem to stand on the same footing, in this particular, as those on any other *sci. fa.* where the defendants are designated. They may well be heirs, or *terre-tenants*, as to lands in other counties, and reside there; and the Sheriff may say, that they are not found, and have nothing in his bailiwick, &c. This distinction, therefore, mentioned by the Court, seems to arise from the nature of doing business. Two *nihils* may, in the latter case, amount to a *scire feci*, with the same propriety as in other cases, where, if the party have a good defence, relief, by *audita querela*, is matter of right, against the judgment and proceedings consequent upon not appearing. (*Barsock* v. *Thompson, Styles*, 281, 288, 323.) Or, where the fact is clear and the application recent, the defendants may be relieved on motion; though otherwise, where the fact is disputed, or there has been a long acquiescence, or the ground of relief be proper for trial. (Vid. 2 *Wms. Saunders*, 72 *u.* and the cases there cited.)