.By the Court,

Nelson, Ch. J.
The only question material to notice in this case is, whether the plaintiff below showed a sufficient interest or estate in the premises occupied by him to warrant the proceedings under the statute, and the recovery of the expense of building the defendant’s half of the division fence. The first act on this subject was passed 7th March, 1788, Greenl. ed. of the Laws, p. 172, § 18, and provided, “ that where the lands or meadows of any two or more persons shall join each other, each of them shall make and maintain a just proportion of the division or partition fence between them, except such persons shall choose to let their lands or meadows lay vacant.” &c. The same language is found in the.act of 1801 (Laws, vol. 1, W. & S. ed. p. 332, § 15, and also in the act of 1803, 2 R. L. 133, § 17). Under these statutes, there could be no reasonable doubt but that any person occupying the adjoining land and interested in building and maintaining a division fence, in order to secure the full enjoyment of the use of his premises, world he entitled to the benefit of the statute regulation, without regard to the particular estate therein belonging to him. The right to build and maintain the fence, seems necessarily incidental to the right to enjoy the use of the land. The latter depends upon the former; and if the fence may or must be built, to enjoy the use of the premises, the adjoining occupants should each build the half of it. It is for the benefit of each that the law should be so; for, if the statute does not apply, the rights of the occupants are as at common [322] law, and each is bound to keep his cattle within the boundary line (1 Cow. 70, n). The statute was enacted to relieve adjoining occupants from the inconvenience of this rule of the common law; and any person to whom it would be applicable, were it not for the statute, must be considered without the reason as they undoubtedly are within the words of the statute.
The language of the revised statutes on this subject differs in some respects from the old act to which I have referred, and this litigation, no doubt, may be attributed to that circumstance. We have often to lament that so many verbal alterations were made in the late revision, where there clearly could have been no intention to change the substance or principle of the old statute, as they have occasioned much idle controversy between parties. The words of the revised act are as follows; “ Where two or more persons shall have lands adjoining, each of them shall make and maintain a just proportion of the division fence between them, except the owner or owners of either of the *183 adjoining lands shall choose to let such land lie open ” (1 R. S. 353, § 30). The term owners is used afterwards in many places in the statute to designate the parties; it is not to be found in either of the proceeding acts; it is apparent, however, that it was used simply to describe the occupants interested in making and maintaining the division fences, without regard to the particular estate owned by them, and was intended to convey the same idea, without the circumlocution, belonging to the words in the first line of the section, persons having lands adjoining. Besides, the term owner does not necessarily mean the person possessing the fee or any other particular estate in the land; nor is it the appropriate language to convey such meaning; but, from the generality of the expression, may properly include any person having an interest of any description in the adjoining lot. He may be considered owner to the extent of such interest.
The appraisement by the fence viewers of the expense of building a moiety of the division fence, seems to have been supposed necessary before the commencement of the action. This is a misapprehension of the act. The 37th § relates to damages which the party may have sustained by reason of the neglect of the adjoining occupants to build his portion of the fence. [323] The 38th §, which authorizes the building and charge of the expense to him, makes no provision for the settlement of the amount by the fence viewers. That must depend upon the proof before the court and jury.
Judgment affirmed.