## SUPREME COURT.

### RYAN *agt.* THE ROCHESTER AND SYRACUSE RAILROAD CO.

*Held,* that no action would lie against defendants for damages arising from injuries done to a person while at work on their land, where the injury happened, as alleged, by reason of the negligence of the defendants in not building a fence on the line of their land upon a precipice, whereby a horse, which belonged to the owner of the land adjoining the defendants' land, escaped from the field on to the defendants' land, and fell down the precipice on to the plaintiff and broke his leg.

No one but the *adjoining owner* or *possessor* of land has any interest in the duty or obligation of another to build or maintain a division fence.

*Yates Special Term, April,* 1854.—Demurrer to complaint.

The complaint contained two counts, or statements of causes of action.

The first alleged that the plaintiff, on the 7th July, 1852, at Arcadia, in the county of Wayne, was lawfully upon certain lands of the defendants, at labor, near to and beneath a steep bank of earth, which was near to and adjoining a certain field of one Johnson Van Marter; that the defendants were, by reason of their possession of said lands first described, and otherwise, bound to erect and maintain a fence between their said lands and the said field of said Van Marter, to prevent the escape of cattle and horses from said field, or close, on said lands of the defendants, and to prevent the falling of the same down the said bank; that the defendants, disregarding their duty, did not erect or maintain such fence, but wholly neglected so to do, whereby a certain horse of the said Van Marter, being placed by him in the said field adjoining the defendants' said premises, and being lawfully therein, escaped therefrom on to the said lands of the said defendants, and fell down the said bank of earth on to the plaintiff, and broke his leg, and thereby greatly endangered the life of the plaintiff; whereby, also, the plaintiff was deprived of the use of his leg for six months, &c., (stating other consequential damage to the plaintiff.)

The second count stated the possession of the land by the defendants, and that they had dug the earth away from and out of

the same so as to leave a steep bank or precipice of earth next to and adjoining the field of Van Marter, which bank or precipice was, on the day aforesaid, left by the defendants in a dangerous and improper state, through the default and negligence of the defendants; that it had been and was the duty of the defendants to erect and maintain a fence between their said premises and the said field of Van Marter, suitable and proper to prevent cattle and horses from escaping from said Van Marter's field to the defendants' said premises, and from so escaping and falling down said precipice or bank of earth. Yet the defendants, neglecting their duty and obligation in that respect, wholly omitted to erect or maintain such fence, but suffered and permitted such precipice or bank of earth to remain unprotected and unguarded by such fence : that on the day and year aforesaid, the plaintiff was lawfully employed in labor, at the foot of, near to, and under said precipice, and while so employed a certain horse of said Van Marter, being lawfully placed, and being in said field of said Van Marter, by reason of the want of such fence, and by reason of the neglect and omission of the defendants, as aforesaid, to erect and maintain such fence, and by reason of the said precipice having been left by the defendants in a dangerous and improper state, escaped from said field toward and on to said lands of the defendants, and fell down said precipice on to the said plaintiff, and forced the plaintiff down to and upon the earth under said. horse, and broke the leg of the plaintiff, &c., (stating further consequential damage.)

The complaint concludes by demanding judgment against the defendants for $10,000.

The defendants demurred to the complaint, stating various causes of demurrer.

E. H. AVERY, *for defendants.*

S. K. WILLIAMS, *for plaintiff.*

WELLES, Justice. The gist of the action is the neglect of the defendants to erect and maintain a fence between their land and the land of Van Marter, in consequence of which the

horse of the latter escaped from the field of its owner to the defendants' land, and fell down a precipice upon the plaintiff, and injured him, he being lawfully there, &c.

The complaint alleges that the defendants were, by reason of their possession of their said lands and otherwise, bound to erect and maintain a fence between their said lands and the said land of Van Marter.

If any liability exists, it grows out of the defendants' duty to erect and maintain the fence, the neglect to do which caused the injury to the plaintiff. But this duty must have been due and owing to the plaintiff, or to him and others, or to the public at large, to give the plaintiff such an interest in the discharge of it as to enable him to maintain an action for its violation. By the common law no man was bound to erect fences either to protect his possession or to entitle himself to a remedy against the trespasses or encroachments of others. Every man was bound to keep his animals within his own enclosures, or be liable to pay damages for such trespasses as they might commit on the lands of others, whether enclosed or not.

In regard to division fences between adjacent owners, our statute requires each to make and maintain a just proportion, unless one of them chooses to let his lands lie open. (1 *R. S.* 353, § 30, &c., *1st. ed.*; 661, *4th ed.*)

Section 37 of the same statute, as amended in 1838, declares the consequences of the neglect of any person liable to contribute to the erection or reparation of a division fence, &c. He shall not be allowed to have or maintain any action for damages incurred, but shall be liable to pay the party injured all such damages as shall accrue *to his lands, and the crops, fruit-trees, and shrubbery thereon, and fixtures connected with the said land,* to be ascertained, &c. (*Sess. Laws of* 1838, *ch.* 261.)

It seems to me quite clear that no one but the adjoining owner or possessor has any interest in the duty or obligation of another to build or maintain a division fence. (Bronk agt. Becker, 17 *Wend.* 320; Ricketts agt. the E. & W. India Docks & B. J. Railway Co., 12 *Eng. L. & E. R.* 520.)

The first count of the complaint in this case places the de-

fendants' liability entirely on their neglect to make the fence. The second count combines with it the fact that the bank or precipice which they had made by digging, &c., had been left in a dangerous and improper state through the default and negligence of the defendants. In both counts, however, the damage complained of was in consequence of Van Marter's horse escaping from the land of the latter to and upon the land of the defendants, and falling down the bank upon the plaintiff. In both it appears that except for the horse straying from its owner's field no injury would have happened; and if I am correct in supposing that no one but Van Marter has any ground of complaint against the defendants for neglecting to make and maintain the division fence, the plaintiff cannot sustain an action founded upon such neglect.

If the injury complained of had been the result alone of the defendants' negligence in leaving the bank in a dangerous state, such for example as the earth sliding upon the plaintiff when he was lawfully there, I am not prepared to deny but an action might be sustained. But notwithstanding the allegation in relation to the negligent and dangerous condition in which the bank was left, we cannot fail to see that no damage has happened to the plaintiff excepting by Van Marter's horse falling upon him, which in my opinion gives him no more right of action against the defendants than if the horse, after he had thus escaped, had run over the plaintiff and injured him in the highway.

There is nothing in the complaint to show that the defendants were building a railroad at the place in question or elsewhere, so as to apply the railroad statutes to the case, if that would change the rights or duties of the parties.

The defendants are entitled to judgment on the demurrer, with leave to the plaintiff to amend the complaint on payment of costs.