(3 App. Div. 329.)

## LEWIS v. THOMPSON.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

TRESPASS—CUTTING TIMBER—TREBLE DAMAGES.

> Under Code Civ. Proc. § 1667, providing that if any person cuts down or carries off any wood, trees, etc., on the land of another without the owner's leave, an action may be maintained by the owner for treble the amount of damages, such right of action is conferred on the owner only, and not on a lessee for a term of years.

Appeal from Westchester county court.

Action for trespass in cutting down trees brought by Z. Edwards Lewis against George K. Thompson. There was judgment for plaintiff, and defendant appealed. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Henry G. K. Heath, for appellant.
C. H. & J. A. Young & Terry, for respondent.

BARTLETT, J. This suit differs in some respects from the ordinary action of trespass for the disturbance of possessory rights. The complaint not only states facts sufficient to constitute a cause of action in such a suit, but the prayer for treble damages indicates that the purpose of the plaintiff was to enforce the statutory remedy given by section 1667 of the Code of Civil Procedure where the trespass consists in cutting down trees, and the stipulation in the record to the effect that the action was brought under that section leaves no doubt on the subject. It does not seem to me, however, that the plaintiff has established such an ownership in the land upon which the trees are alleged to have been cut as to entitle him to the remedy provided for by that section. The plaintiff was merely a lessee for years of the premises upon which the trees stood. The Code of Civil Procedure confers the right to maintain an action for the recovery of treble damages, in such cases, only upon the owner of the land. I do not think a lessee for years is to be deemed an owner, within the meaning of the statute.

The provision of the Code is as follows:

"If any person cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise despoils a tree on the land of another, without the owner's leave; or on the common, or other land, of a city, village, or town, without having right or privilege in those lands, or license from the proper officer; an action may be maintained against him, by the owner, or the city, village, or town, as the case may be."

This provision was derived from a similar one in the Revised Statutes, in these words:

"Every person who shall cut down or carry off any wood, underwood, trees, or timber, or shall girdle or otherwise despoil any trees on the land of any other person, without the leave of the owner thereof, or on the land or commons of any city or town, without having any right or privilege in such commons, and without license from the corporation or proper officers of such city or town, shall forfeit and pay to the owner of such land, or to such city or town, treble the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in cases provided by law." 2 Rev. St. (2d Ed.) 261, 262.

The provision just quoted from the Revised Statutes was itself based on an earlier enactment, to be found in the Revised Laws, which provided, in substance, among other things, that if any person should cut any wood, underwood, trees, or timber on the land of another, or carry off the same, "without leave or permission of the owner or owners thereof," such person should pay "to the owner or owners of such land treble the value of the wood, underwood, trees, or timber cut or carried off as aforesaid, to be recovered, with costs, in an action of trespass, before any court having cognizance of the same, by the owner or owners of the land on which such trespass shall have been committed." 1 Rev. Laws, pp. 525, 526.

It will be observed that under the Revised Laws the recovery provided for was merely three times the value of the wood cut or carried away. The Revised Statutes enlarged the measure of possible recovery to three times the damage done by the trespass. See Revisers' Notes, Appendix to 3 Rev. St. (2d Ed.) 716; Van Deusen v. Young, 29 N. Y., on page 25. This may be, and ordinarily would be, very much more than simply the value of the wood. Thus, in Argotsinger v. Vines, 82 N. Y. 308, where the trespasser had cut timber from 22 acres of woodland on a farm, it was held that the measure of damages was the difference in the value of the farm with the timber on it and after the timber had been cut.

In all this legislation relative to the recovery of treble damages for trespasses of this character, the remedy has been given to the owner or owners of the land upon which the trespass was committed. That the owner or owners of the freehold must be meant seems to me to be shown by the restriction of the damages in the early statute to three times the value of the wood cut. A tenant or lessee for years would have no property or interest in such wood. It would belong to the owner of the inheritance, and he alone could recover its value at common law. The right to recover three times its value was given to him; and I think the term "owner" or "owners," having been used in this sense in the Revised Laws, was used in the same sense in the Revised Statutes and in the present Code of Civil Procedure, whose provisions on this subject are unquestionably based

on those of the Revised Laws. The same conclusion as to the mean·
ing of the word "owner" in enactments of this sort is sustained by
authority. No case in this state has fallen under our notice in which
a suit founded upon section 1667 of the Code has been maintained
or attempted by any person who was not an owner of the fee of the
land where the trees or timber grew. Similar statutes exist, how-
ever, in many other states, and we find adjudications in Illinois,
Michigan, and Mississippi to the effect that it is essential, to en-
able plaintiff to recover under such enactments, that he should be
the owner of the freehold. In Illinois, in an early case, which has
been·repeatedly cited with approval, the statute gave the owner a
certain penalty for each tree of a particular description cut upon
his land without his permission, and authorized him to recover the
penalty in an action of debt. Under this statute, it was held that
the party seeking to recover the penalty must aver in his declaration,
and prove on the trial, that he was the owner in fee simple of the
land on which the trespass was committed. Edwards v. Hill, 11
Ill. 22. In Michigan the statute closely resembles our own, provid-
ing that persons who cut down or carry off any wood, underwood,
trees, or timber without leave of the owner of the land, shall be lia-
ble to the owner in treble damages; but if the trespass is involun-
tary, or the defendant had probable cause to believe the land was
his, only single damages are recoverable, as is the case under the
Code in this state. Code Civ. Proc. § 1668, subd. 1. In Achey v.
Hull, 7 Mich. 423, the supreme court of Michigan, speaking through
Campbell, J., said of this statute that it was not framed to protect
possessory rights, "but was made to give to the owners of the fee a
right to sue in the form of trespass for the enumerated injuries to
their inheritance. If the tenant in possession, whether owner or
not, seeks damages for the disturbance of rights merely possessory,
he is still left to his common-law action. But here the damages
which are alleged to be trebled are not damages to the temporary
possession, but to the freehold." Under a like statute in Mississippi,
the trial judge charged the jury that the possession of the locus in
quo alone was sufficient to authorize the plaintiff to maintain the
action. The supreme court held that this instruction was errone-
ous, inasmuch as the cutting of the trees was an injury to the free-
hold; and therefore the plaintiff, claiming the statutory penalty,
must be the real or apparent owner of the freehold. McCleary v.
Anthony, 54 Miss. 708.

In the light of these authorities, and having regard to the course
·of legislation in our own state in reference to treble damages for
trespass in cutting trees, I am satisfied that the term "owner," in
section 1667 of the Code of Civil Procedure, does not extend to a
lessee for years. This view takes nothing away from the right of the
tenant, who may always maintain his common-law action for tres-
pass based upon the fact that he is in possession. And in the pres-
·ent suit the plaintiff, notwithstanding his claim for treble damages
under the statute, was entitled at common law to recover his actual
damages, if he proved to the satisfaction of the jury that he was
in possession and occupation of that part of the premises upon which

the tree-cutting was done, although merely as tenant. Starkweather v. Quigley, 7 Hun, on page 29.

The issue of actual occupation was in the case, because the written lease under which the plaintiff claimed did not distinctly indicate the extent of the leased property, and the evidence in behalf of the plaintiff was sufficient to sustain a finding in his favor on that issue.

The judgment should therefore be affirmed if the plaintiff will stipulate to reduce the judgment to $50 and costs; otherwise, the judgment should be reversed, and a new trial granted. All concur.

---

(3 App. Div. 157.)

### EGENER v. NEW YORK & R. B. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

1. RAILROADS—INJURIES RESULTING FROM IMPROPER CONSTRUCTION.
    Where stones used by a railroad company in building its embankment are loosened and washed down by storms, the company is liable for injuries resulting, the damages being attributable to improper construction of the road.

2. SURFACE WATER—RAILROADS.
    A railroad company is not required to construct culverts or passageways through its embankment for the passage of surface water from the lands of others, being governed in that respect by the same rules as other landowners.

Appeal from special term, Queens county.