BARTON v. CORCORAN.

(Supreme Court, Appellate Division, Third Department.  May 7, 1913.)

1. FENCES (§ 17*)—DIVISION FENCES—PROCEEDINGS BEFORE FENCE VIEWERS—
LIABILITY OF TENANT.

A tenant who, at the request of the owner, appears before the fence viewers, directing the erection and maintenance of a division fence, but who fails to maintain his part of the fence, whereby his crops are damaged by the adjacent owner's cattle escaping on his premises, may not recover from the adjacent owner the damages sustained.

[Ed. Note.—For other cases, see Fences, Cent. Dig. §§ 16, 39; Dec. Dig. § 17.*]

2. JUDGMENT (§ 684*)—RES JUDICATA—ERRONEOUS JUDGMENT.

Where an adjacent owner is sued by a tenant to recover for injuries caused by trespassing cattle, and judgment is erroneously rendered against him, the tenant having failed to maintain his fence, his remedy is to appeal, and not to sue the landlord to recover the amount paid to the tenant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1207; Dec. Dig. § 684.*]

Woodward and Howard, JJ., dissenting.

Appeal from St. Lawrence County Court.

Action by William Barton against James E. Corcoran. From a judgment of the County Court entered on an order reversing a judgment of the justice's court for plaintiff, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James J. McNeil, of Ogdensburg, for appellant.
Forrest K. Moreland, of Ogdensburg, for respondent.

WOODWARD, J. The plaintiff and defendant own adjoining farms in St. Lawrence county. The plaintiff lives upon his own farm, and at the time this action arose one William Clark was a tenant upon the farm of the defendant. It is claimed that at some time prior to November, 1911, a dispute arose between the plaintiff and defendant as to the boundary fence between their farms; that the fence viewers were called in, and that as a result of their inquiry an adjustment was made, which required each of the parties to construct about 50 rods of fence of a given character; that the plaintiff constructed his part in harmony with the directions of the fence viewers, and that the defendant constructed about 10 rods of an inferior quality, leaving about 40 rods of the old fence in place; that subsequently, and on or about the 10th day of October, 1912, eight cows belonging to the plaintiff crossed the division line of the two farms, at a point where it was the duty of the defendant to maintain the fence, and invaded the cornfield belonging to the defendant's tenant, Clark, working damages of about $30 before they could be driven out. Clark sued Barton, the plaintiff in this action, and recovered a judgment for $35.10, and this judgment was paid by Barton, who, on the same

day, brought the present action against the defendant to recover the amount paid by the plaintiff to Clark. The defendant appealed to the County Court of St. Lawrence county, and that court reversed the judgment. Appeal comes to this court.

At common law every person was bound at his peril to keep his cattle within his own possessions, and if he failed to do so he was liable for their trespasses upon the lands of another, whether the lands trespassed upon were inclosed or not. Wood v. Snider, 187 N. Y. 28, 31, 79 N. E. 858, 12 L. R. A. (N. S.) 912, and authorities there cited. As between Clark and Barton the fence laws had no bearing, because Clark, not being an owner of the land, was not within the statute. It is true in the early case of Bronk v. Becker, 17 Wend. 320, it was held that the owner referred to in the statute as it then existed did not limit the act to the owner of the fee; but we are of the opinion that under the present statute, which provides that "each owner of two adjoining tracts of land, except when they otherwise agree, shall make and maintain a just and equitable portion of the division fence between such lands," relates solely to the owners of the fee. Lewis v. Thompson, 3 App. Div. 329, 38 N. Y. Supp. 316; Matter of Ehrsam, 37 App. Div. 272, 274, 55 N. Y. Supp. 942, and authorities there cited. Clark, as the lessee of the premises, had a right of action for the trespass, based upon the fact that he was in possession (Lewis v. Thompson, supra), and his recovery was simply for the damage done to his corn. If he was to be held as the owner under his lease, he would be bound by the default of his lessor in failing to construct his portion of the fence; but no such relation existed. Clark was an entire stranger to the parties to this action; he was in possession of certain premises, and the plaintiff's cattle trespassed upon him, destroyed his corn, and he was not obliged to look farther than to the ownership of the cattle, and to the provisions of the common law for his relief.

The plaintiff in the present action did not appeal from the judgment against him in the action brought by Clark, and we have nothing to do with that case upon this appeal, only as it is attempted to be made the basis of the plaintiff's present action to recover the amount which he paid to Clark in satisfaction of that judgment. The theory of this action is that, the plaintiff's cattle having trespassed because of the failure of the defendant to have his portion of the fence in repair between the two properties, the defendant is bound to pay the amount of damages which the plaintiff was called upon to pay Clark in his action for the trespass. This right is claimed under the provisions of section 365 of the Town Law (Consol. Laws 1909, c. 62). This section provides that if—

"any person who is liable to contribute to the erection or repair of a division fence shall neglect or refuse to make and maintain his proportion of such fence, or shall permit the same to be out of repair, he shall be liable to pay the party injured all such damages as shall accrue thereby, to be ascertained and appraised by any two fence viewers of the town, and to be recovered with costs. The appraisement shall be reduced to writing, and signed by the fence viewers making it. If such neglect or refusal shall be continued for the period of one month after request in writing to make or repair the fence, the party injured may make or repair the same, at the expense of the party so neglecting or refusing, to be recovered from him with costs."

Standing by itself, this provision of the statute would seem to provide for any damages which might result, whether by means of trespass or otherwise; but section 368 of the Town Law, which is to be read in connection, likewise provides that if—

"any person liable to contribute to the erection or repair of a division fence shall neglect or refuse to make and maintain his proportion of such fence, or shall permit the same to be out of repair, he shall not be allowed to have and maintain any action for damages incurred by beasts coming thereon from adjoining lands where such beasts are lawfully kept, by reason of such defective fence, but shall be liable to pay to the party injured all damages that shall accrue to his lands, and the crops, fruit trees and shrubbery thereon, and fixtures connected with the land, to be ascertained and appraised by any two fence viewers of the town, and to be recovered, with costs; which appraisement shall be reduced to writing and signed by the fence viewers making the same, but shall be only prima facie evidence of the amount of such damages."

These provisions are, in substance, identical with those of the Revised Statutes (1 R. S. c. 11, tit. 4, § 36), and to give effect to both sections it seems necessary to hold that section 365 of the Town Law is intended to cover any damages which the adjoining neighbor may sustain by reason of the failure to construct and maintain the fence, independent of any act on the part of the neighbor or his animals; while section 368 of the Town Law is designed to preserve the right of the party who is not in default to recover his damages for a trespass, giving him a somewhat summary remedy by means of an appraisement of the damages by the fence viewers in the place of a common-law action. This is evident from the fact that the trial by jury is preserved by means of the provision of the statute that the appraisal of the fence viewers shall be only prima facie evidence of the amount of the damages. Clark, the tenant, was not limited by these statutory provisions, as we have already pointed out; he simply had a common-law action against the plaintiff herein for a trespass. Barton, the present plaintiff, was not in default in respect to the division fence, in so far as the present defendant is concerned. The defendant in this action could not have recovered for any injury to his lands, trees, etc., by reason of the trespass upon his premises, but his tenant was in a different position. He owed no duty under the provisions of the statute, and the fact that the plaintiff had discharged his duty under the direction of the fence viewers did not relieve him from the obligation of preventing his cattle trespassing upon the property rights of Clark.

It seems clear to us that the provisions of section 365 of the Town Law are broad enough to cover the damages which accrued by reason of the default on the part of the defendant in the construction and maintenance of this division fence, in the same way that it was held in Clark v. Brown, 18 Wend. 213, under similar circumstances, where the plaintiff's cattle trespassed by reason of a defective fence maintained by the defendant, and the cattle were killed by the eating of the unripe corn. It was there held that, the cattle being killed by reason of the defective fence and the incidental trespass and consequent result to the cattle from eating the corn, the party who was not in default might recover the value of the cattle. But it was like-

wise held that the amount of the damages and the sufficiency of the fence were matters to be determined by the fence viewers. Here, it seems to us, is the fatal difficulty with the judgment of the justice's court; it is based, not upon the requirements of the statute, but upon the theory that the plaintiff, having paid the judgment in a common-law action, is entitled to recover the amount of that judgment. To this end the judgment record in the action of Clark against Barton was introduced in evidence, over the objection of the defendant, and no effort whatever was made to show that the plaintiff had procured an appraisal of the damages, or a certificate of the fence viewers as to the sufficiency or insufficiency of the fence as it existed at the time of the trespass. This was, it seems to us, a fatal error. This was a new right created by statute, where none existed at common law, and the rule in such cases is that the party aggrieved by a violation of the right must pursue the remedy given him by the statute, and cannot resort to any other. Clark v. Brown, supra, 18 Wend. 220, and authorities there cited. The same clause of the statute which makes the party who has neglected to keep up and maintain his part of the fence answerable for all damages which the party injured may sustain by reason of such neglect limits the claim of the latter to damages to be ascertained and appraised by the fence viewers, which appraisement is to be reduced to writing and signed by them before any action can be brought thereon to recover such damages, and there is no ground for any other action than that pointed out by the statute. Clark v. Brown, supra, 18 Wend. 224. What damages Clark may have recovered from Barton, as shown by the record in that action, is not equivalent to a determination of the damages by the fence viewers, and it was error to admit the judgment record in evidence. A statutory remedy was provided, and that remedy only could be enforced, and the plaintiff has not complied with the conditions of the statute, and is not entitled to such recovery as he has had in justice's court. The plaintiff in the present action practically stipulated the damages in the action of Clark against Barton, his own witnesses testified to the highest amount awarded, and the defendant is not legally bound by a judgment in an action to which he was in no wise related; for the statute distinctly limits his liabilities to the amount certified by the fence viewers, and these have the right to inquire what damages Barton was properly required to compensate, not what he might be willing to pay, where he had a remedy over against his neighbor.

The judgment of the County Court should be affirmed, with costs.

HOWARD, J., concurs.

JOHN M. KELLOGG, J. (concurring in result). [1, 2] I do not think that Bronk v. Becker, 17 Wend. 320, has been overruled or affected by the cases cited in the opinion of Justice WOODWARD. Clark, the tenant, was therefore bound by the division of the fence, and lost his corn because he did not maintain his part of the fence. When the fence viewers were dividing the fence, the owner did not appear, but told the tenant to represent him, and the tenant was pres-

ent. I think County Judge Ferris disposed of the case upon the right theory. If the evidence here correctly shows the facts, Clark was not entitled to recover. The plaintiff's remedy was to appeal from that judgment, rather than to bring an action against the defendant.

SMITH, P. J., and LYON, J., concur.