(96 Misc. Rep. 68)

MUSLUSKY v. LEHIGH VALLEY COAL CO.

(Supreme Court, Special Term, New York County. June, 1916.)

1. CORPORATIONS ☞508—SPECIAL APPEARANCE—JURISDICTION.
    A corporation is within its rights, if it does not intend to subject itself to the jurisdiction of the court, to appear specially for the purpose of raising the question of jurisdiction by motion.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2001–2005; Dec. Dig. ☞508.]

2. APPEARANCE ☞9(2)—SPECIAL APPEARANCE—JURISDICTION.
    A special appearance is proper only when a party seeks to deny the jurisdiction of the court over his person, and an objection to the jurisdiction over the person, to be availing, must not be raised in connection with a denial of jurisdiction over the subject-matter.
    [Ed. Note.—For other cases, see Appearance, Cent. Dig. § 43; Dec. Dig. ☞9(2).]

3. APPEARANCE ☞9(2)—GENERAL APPEARANCE—JURISDICTION OVER SUBJECT-MATTER.
    An appearance to deny the jurisdiction of the court over the subject-matter is a general appearance.
    [Ed. Note.—For other cases, see Appearance, Cent. Dig. § 43; Dec. Dig. ☞9(2).]

4. APPEARANCE ☞9(3)—SPECIAL APPEARANCE—JURISDICTION—OBJECTIONS.
    A defendant, appearing specially, may object to the jurisdiction of the court over his person on the ground that the process is void or illegal, that there was a total want of process, that there are defects in the process or service thereof, or objections to the venue.
    [Ed. Note.—For other cases, see Appearance, Cent. Dig. § 44; Dec. Dig. ☞9(3).]

5. PLEADING ☞193(3)—DEMURRER—STATUTE.
    By Code Civ. Proc. § 488, defendant can take advantage by demurrer of anything appearing upon the face of the complaint showing want of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jurisdiction either of the person of defendant or the subject of the action, and so can safely appear generally so far as such defects are concerned.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 431; Dec. Dig. ☞193(3).]

6. DISMISSAL AND NONSUIT ☞63—FAILURE TO FILE PLEADING—SPECIAL APPEARANCE.

Under Code Civ. Proc. § 480, giving defendant the right to move for an order directing judgment dismissing complaint, on the ground that plaintiff has failed to comply with defendant's demand for service of a copy of the complaint, and that the time for service of a copy of the complaint has expired, defendant, who appeared specially only to demand a copy of the complaint that it might be advised of the nature of the alleged cause of action, could not have dismissal of the complaint for plaintiff's failure to serve, since, where a defendant appears specially, he is limited to attack the jurisdiction of the court over his person on some ground affecting the process or its service by motion to have it set aside or declared void.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 105; Dec. Dig. ☞63.]

Action by Frank Muslusky against the Lehigh Valley Coal Company. On motion to dismiss the complaint for failure to serve a complaint. Motion denied.

Alexander & Green, of New York City, for the motion.

Joseph Levy, of New York City (Charles Goldizer, of New York City, of counsel), opposed.

GIEGERICH, J. The defendant moves for an order directing judgment dismissing the complaint on the ground that the plaintiff has failed to comply with the defendant's demand for the service of a copy of the complaint and that the time for such service has expired. The facts are peculiar. The moving affidavit states that the summons was delivered to the assistant secretary of the defendant on or about the 16th day of February, 1916, and that thereafter, and on the 24th day of February, 1916, the defendant appeared specially "for the sole purpose only of demanding and obtaining a copy of the complaint herein, in order that it might be advised of the nature of the alleged cause of action sued upon herein and might thereafter take such objections to the jurisdiction of this court as it might be advised." Such notice also contained a demand for the service of a copy of the complaint upon the attorneys so appearing specially. The notice of motion is signed by the defendant's attorneys, with the same limitation added after their names as appears above.

[1-3] The defendant is undoubtedly within its rights, if it does not intend to subject itself to the jurisdiction of the court, to appear specially for the purpose of raising the question of jurisdiction by motion. Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884; McClure Newspaper Syndicate v. Times Printing Co., 164 App. Div. 108, 149 N. Y. Supp. 443. A special appearance is proper only when a party seeks to deny the jurisdiction of the court over his person, and an objection to jurisdiction over the person to be availing must not be raised in connection with a denial of jurisdiction over the subject-matter. An appearance to deny the jurisdiction of the court over the subject-

matter is, according to the weight of authority, a general appearance. 2 Enc. of Pleading & Practice, p. 621.

[4] The various grounds on which a defendant appearing specially may object to the jurisdiction of the court over his person are that the process is void or illegal, or that there is a total want of process, or that there are defects in the process or service thereof, or that there are objections to the venue.  4 A. & E. Enc. of Law & Practice, p. 988.  From the foregoing authorities it is apparent that, where a defendant appears specially, he is limited to attacking the jurisdiction of the court over his person on some ground affecting the process or service of the process.  It would seem, therefore, that his remedy should be limited to the process, and that he should not be permitted to reach forward beyond the threshold of the action, and seek to avail himself of a remedy provided in cases where the jurisdiction of the court over the person of the defendant is conceded, and where a binding judgment may be entered against him in the action.  To a defendant in such a situation it is obviously necessary to afford protection and relief, if the plaintiff does not serve a copy of the complaint, or otherwise fails to proceed with diligence toward a determination of the controversy.  A sword should not be left hanging over his head.  In the case of a defendant who denies the jurisdiction of the court over his person, however, and that is what a special appearance amounts to, there is no need of such remedies.  If judgment be entered against such a defendant, he is not hurt, because, as said in Reed v. Chilson, supra, 142 N. Y. at page 155, 36 N. E. at page 885:

"No judgment entered without service of process in some form could bind the defendant, and the question of jurisdiction would protect him at any stage of the proceedings for its enforcement, provided it has not been waived by his own act."

He does not need the protection against the entry of a judgment, therefore, that is given to defendants against whom a judgment would be good if entered, and, consistently with the position he assumes, he ought to be limited in his remedy to attacking the service or the process, which can appropriately be done by a motion to set it aside or have it declared void.  In the present case the defendant does not show, and it is difficult to conceive, that if a copy of the complaint had been served upon it the contents of the complaint would have been of any assistance in its motion to be relieved of the service of the summons, nor that it will be otherwise prejudiced if this motion be denied.

[5, 6] It should be remembered that, if anything appears upon the face of the complaint that will show want of jurisdiction either of the person of the defendant or of the subject of the action, the defendant can take advantage of that by demurrer (section 488, Code Civ. Proc.), and so can safely appear generally so far as such defects are concerned. I do not overlook the fact that the statute (section 480, Code Civ. Proc.) gives the defendant the right to make such a motion as this, but in my opinion that remedy was intended by the Legislature, and should be given by the courts, only in cases where the defendant has appeared generally.

Motion denied, with $10 costs.  Order signed.