In the Matter of the Application of ELIAS STILLER for a Warrant to Search for and Seize Liquors Kept, Stored and Deposited for Unlawful Sale or Distribution in Premises Located at Washington Ave. (6 Houses from North St.) Known as Endicott Candy Kitchen, Endicott, Broome County, New York.

PETER N. DROSOS, Appellant; ELIAS STILLER, Respondent.

Third Department, November 15, 1916.

Intoxicating liquors — complaint for seizure of liquors possessed and sold unlawfully — practice — special appearance on behalf of one not shown to be owner to dismiss complaint unauthorized — general appearance — fermented liquors — hard cider.

Where a special agent of the State Excise Department makes a complaint under the provisions of section 33 of the Liquor Tax Law, alleging that a certain person has in his possession and is selling hard cider in viola-

tion of the statute, which complaint although stating jurisdictional facts on information and belief, in some respects gives the sources of the information and the grounds for the belief and states the more material facts positively and complies with the forms of law, and the county judge issues a search warrant, one who is not shown to be the owner of the cider is not entitled to appear specially by counsel and make a motion to dismiss the complaint upon the ground that such cider was not a fermented liquor within the meaning of the statute, and that the complaint was insufficient, because this would constitute a questioning of the jurisdiction of the court over the subject-matter of the proceeding, and a special appearance is proper only when a party seeks to deny the jurisdiction of the court over his person.

Since a county judge had no authority to entertain such a motion under the circumstances, the petitioner has no standing to question his action.

The county judge should have refused to entertain the motion, and, in the absence of an answer, proceeded in the manner provided by law.

An appearance to deny the jurisdiction of the court over the subject-matter is a general appearance.

Quære, as to whether hard cider constitutes a fermented liquor within the meaning of the Liquor Tax Law.

APPEAL by Peter N. Drosos from an order of the County Court of Broome county, entered in the office of the clerk of said county on the 27th day of April, 1916, denying his motion to dismiss a complaint in a proceeding under the provisions of section 33 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd. by Laws of 1913, chap. 614).*

*Albert S. Barnes,* for the appellant.

*William H. Riley* and *H. B. Chase,* for the respondent.

WOODWARD, J.:

Elias Stiller, a special agent of the Excise Department, made a complaint under the provisions of section 33 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd. by Laws of 1913, chap. 614),* alleging on information and belief that one John Drosos keeps, stores and has deposited liquors upon said premises located on Washington avenue, known as Endicott Candy Kitchen, in Endicott, N. Y., for the purpose of unlawful sale and distribution within this State, and that the sources of such information and the grounds of such belief are the

---

*Since amd. by Laws of 1916, chap. 417.— [REP.

observations of complainant, and other facts set forth in the following paragraphs. He then alleges that "on the fifteenth day of October, 1915, complainant and one Joseph Riciotti visited said premises and purchased and were served with one glass each of hard cider which they then and there drank, and for which said Elias Stiller paid the person serving them the sum of ten cents therefor. Said Elias Stiller and Joseph Riciotti then purchased and were served with one glass each of hard cider, for which said Joseph Riciotti paid the sum of ten cents, and which was drunk on the premises where sold." He also alleges that Joseph Riciotti purchased a bottle of hard cider for the sum of twenty cents, and, on information and belief, that there was no existing license issued for the premises where such hard cider was sold and delivered for immediate consumption, giving the sources of his information in this regard.

Upon this complaint a warrant was issued by the county judge of Broome county, and the officer executing the warrant found a barrel of cider, about three-fourths full, upon the premises, which he took into his possession, giving a receipt therefor. Upon the return of the warrant Albert S. Barnes, an attorney, appeared specially on behalf of Peter N. Drosos, designated in the proceedings as John Drosos, and made a motion to dismiss the complaint and to vacate and set aside the warrant and for a return of the cider seized. Mr. Drosos did not file an answer or offer any evidence to show that he was the owner of the cider seized, and the motion was thereupon denied, Mr. Drosos appealing from the order denying such motion.

It is the contention of the appellant that the cider which was taken by the officer under the warrant is not a liquor within the meaning of the Liquor Tax Law, and, therefore, the complaint did not show facts sufficient to give jurisdiction to issue the warrant. Assuming for the moment that this is true, is it the proper practice for some one not shown to be the owner of such cider to appear specially by counsel and make a motion to dismiss the complaint? Is there any ground for the county judge, acting as a magistrate in the issuing of a warrant in a summary proceeding and upon the hearing upon the return of

such warrant, to dispose of the question upon the motion of one who does not make himself a party to the proceeding, and who is not shown to have any interest in the subject-matter ? Suppose that the search had revealed the presence of wines and liquors such as would concededly be embraced within the meaning of the act, should the magistrate dismiss the proceeding simply because the complaint had confined itself to the allegation that hard cider had been sold in a place where there was no license to sell liquors ? The warrant was broad enough in its provisions to cover such a case, and it seems clear to us that under the provisions of the Liquor Tax Law the proper proceeding is for the magistrate before whom the warrant is returnable to refuse to entertain a motion of the character of that in the present case, and, in the absence of an answer, to proceed in the manner pointed out by law. It is true, of course, that in *Matter of Huff* (136 App. Div. 298), where the complaint was based entirely upon information and belief, and without setting forth the sources of such information or the grounds of such belief, it was held that the magistrate was without jurisdiction to issue the warrant, and that the person who had the apparent right to the possession of the property, and who appeared and moved for the dismissal of the complaint, had the right to appeal from an order denying such motion. But there was a dissenting opinion on behalf of two of the justices of that court, and the later case of *Clement* v. *180 Quart Bottles of Liquor* (143 App. Div. 960; *sub nom. Farley* v. *180 Bottles of Liquor*, 204 N. Y. 623), decided without opinion, appears to have taken the view entertained by the dissenting justices in *Matter of Huff*. At any rate the person interested in the *Huff* case made an appearance and called attention to an obvious jurisdictional defect — a failure to allege properly the facts on which jurisdiction depended — and where there is no question that there is a lack of jurisdiction, it may be proper to dispose of the question before the magistrate issuing the warrant. Never having had jurisdiction he might very properly refuse to usurp jurisdiction where his attention was called to the defect, and it might be that where an order was entered without jurisdiction the party aggrieved by such order would have a right to appeal.

In the instant case, however, there was at least a compliance with the forms of law; the jurisdictional facts were stated on information and belief in some respects, but the source of the information and the grounds for the belief were stated, and the more material facts were stated positively. There was a direct and circumstantial statement of the fact that the complainant and his companion had purchased hard cider at the place in question, and it was shown on information and belief, based on the public records of the county and State, that there was no license for the premises where such hard cider was sold, and it appeared upon the return of the warrant that there was three-quarters of a barrel of hard cider found upon the premises. There was, therefore, no lack of jurisdiction in the statement of the facts on which the warrant was based, unless this court is willing to hold that hard cider is not a liquor within the contemplation of the Liquor Tax Law, and this was clearly such a question of fact and law as should not be disposed of upon the motion of one who does not show himself to be interested in the question, but who attempts to appear specially to raise the question. The term "liquors," as used in the Liquor Tax Law, "includes and means all distilled or rectified spirits, wine, fermented and malt liquors" (§ 2, as amd. by Laws of 1910, chap. 485), and Webster defines it as "Any liquid substance, as water, milk, blood, sap, juice, or the like," and "2. Specif. an alcoholic beverage, as brandy, wine, whisky, beer, etc." The same learned lexicographer in defining "hard," says "14.a Rough; acid; sour, as liquors; as *hard* cider;" and in defining cider he points out that its original meaning related to intoxication and strong drink, and says: "The expressed juice of apples * * * used for drinking, for making vinegar and for other purposes." Cider was formerly used to signify the juice of other fruits, and other kinds of strong liquor, but was not applied to wine.

Without going to the extent of holding that the court might take judicial notice of the fact that hard cider is a liquor within the meaning of the Liquor Tax Law it is sufficient for the purposes of this appeal to say that we are not prepared to hold that where the affidavits show that hard cider is actually sold in a place which is without a license there is such a

lack of jurisdictional facts as to warrant the refusal of a warrant for search and seizure. Upon a full argument of the question, and in support of the policy of the law, it may be held that hard cider is within the letter and the spirit of the act, and that it is subject to confiscation the same as other liquors under the provisions of the act. Cider, considered merely as the juice of apples, may not be a fermented liquor, but when it becomes hard cider it has undergone a distinct chemical change, and we should dislike to hold judicially that it is not a liquor within the meaning of the act.

We do not consider it necessary, however, to rest our affirmance of this order upon the question considered above, for the reason that we do not think the appellant has any standing to make the motion in the first instance, or that the magistrate before whom the motion was made was called upon to make an order in the premises. Mr. Drosos, the appellant, did not personally appear in the proceeding, nor did he afford any evidence that he was the owner or interested in the hard cider which was seized under the authority of the warrant. Albert S. Barnes, an attorney, attempted to appear specially for Peter N. Drosos, and asked to have the complaint dismissed on the grounds generally that hard cider did not constitute fermented liquor within the meaning of the statute, making various specifications, and urging " that the complaint herein is insufficient to warrant the issuing of the search warrant and failed to confer jurisdiction upon the Court to issue the same or to institute these proceedings." This was clearly a questioning of the jurisdiction of the court over the subject-matter of the proceeding, and a special appearance is proper only when a party seeks to deny the jurisdiction of the court over his person, and an objection to jurisdiction over the person to be availing must not be raised in connection with a denial of jurisdiction over the subject-matter. An appearance to deny the jurisdiction of the court over the subject-matter is, according to the weight of authority, a general appearance. (*Muslusky* v. *Lehigh Valley Coal Co.*, 96 Misc. Rep. 68, 70, and authorities there cited.) If there was a general appearance in this case by the attorney of Peter N. Drosos, then the proceeding was governed by the statute, and the issues could be raised

only by an answer "controverting the allegations of the complaint upon which such warrant was issued," with the right, no doubt, to raise the jurisdictional question of whether the facts stated in the complaint constituted a ground for confiscating the property. The act provides for a trial of the issues as in other actions where there is an answer interposed, and in the absence of such an answer it is the duty of the judge or justice to take testimony and determine the question of the right of the State to have declared forfeited the property involved and to sell the same. This fully provides for taking care of the property rights of those interested in the liquors or in the containers of such liquors; it provides a trial by due process of law, and thus impliedly forbids that the questions of law shall be disposed of on a motion before the magistrate issuing the warrant, although such magistrate may have jurisdiction acting as the court in the disposal of the issues. (Liquor Tax Law, § 33, as amd. *supra*.)* The statute having provided the method of dealing with the property upon the return of the warrant, and no special appearance to question the jurisdiction of the subject-matter being permitted under established principles of law, the magistrate was not bound to entertain the motion, and the order having been entered denying the motion, the appellant here has no standing to question the action. His rights were fully provided for by the trial which might have been had by answering, and by the provision for a judicial determination of the question where no answer was interposed.

We think the practice should be not to entertain motions of this character, but to proceed in the manner pointed out by the statute, so that all questions may be deliberately determined, where the right to review is not open to question.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.

---

* Since amd. by Laws of 1916, chap. 417. — [REP.