VIOLET C. MONTGOMERY, Plaintiff, *v.* EAST RIDGELAWN CEMETERY, Defendant.

Supreme Court, Special Term, New York County, October 13, 1943.

*Winfield Bonynge* for defendant appearing specially.

*Sidney H. Koblentz* for plaintiff.

PECORA, J. Defendant corporation, " appearing specially and solely for the purpose of this motion only ", moves for an order dismissing the complaint upon the grounds that this court has not jurisdiction of the defendant for the reason that it is a foreign corporation which is not doing business in this State, and further that the plaintiff has not legal capacity to sue. In opposition it is urged that the first branch of the motion has become academic because in asking the relief of dismissal on the ground that plaintiff has not legal capacity to sue, defendant has appeared generally in the action. The rule is clear that participation in a controversy regarding the merits of an action constitutes a submission to the jurisdiction of the court. (*Farmer* v. *National Life Association,* 138 N. Y. 265; *Braman* v. *Braman,* 236 App. Div. 164; *Legler* v. *Legler,* 244 App. Div. 55; *Matter of Stiller,* 175 App. Div. 211; *Muslusky* v. *Lehigh Valley Coal Co.,* 96 Misc. 68, revd. 175 App Div. 926, revd. 225 N. Y. 584.)

In *Braman* v. *Braman* (*supra,* p. 167) the court said: " It is well settled that a defendant who intends to appear specially in an action must rely solely upon his jurisdictional objection and cannot protest against the court's jurisdiction and at the same time defend the action on the merits as such positions are inconsistent and when a defendant adopts both at the one time he is deemed to have waived his jurisdictional objection."

The test to be applied in determining whether there has been a submission to jurisdiction is whether the party has become an actor therein by participating in the suit on the merits. (*Henderson* v. *Henderson,* 247 N. Y. 428.) Where a party makes a motion addressed to the subject matter of the complaint, he becomes such an " actor " and must be held to have appeared generally. Where two forms of relief are requested, as in the instant motion, the question arises whether or not the relief sought is inconsistent with the challenge to the jurisdiction of the person. Certainly a claim that plaintiff has not the capacity to sue is not consistent with the argument that the court lacks jurisdiction of the person of defendant. Rule 107 of the Rules of Civil Practice provides among other

things for a motion to dismiss the complaint upon the ground that a plaintiff has not legal capacity to sue. Such a motion raises an objection to the complaint in point of law. Under section 237 of the Civil Practice Act a defendant's appearance can be made by serving a notice of appearance, a copy of an answer, *" or a notice of motion raising an objection to the complaint in point of law."* (Italics supplied.) I therefore hold that defendant, in coupling its motion to dismiss for lack of personal jurisdiction with a motion addressed to the merits, has submitted itself to the jurisdiction of this court. As was said in *Armstrong* v. *Langmuir* (6 F. 2d 369 [C. C. A. 2d]) by HAND, J.: " A man may not say that he is not properly before the court, and in the same breath argue that, if he be, there is no ground to hold him. Courts have found an inconsistency in such an attitude which has led them to insist that a motion upon the merits presupposes that the party is before the court." (See, also, Note, 111 A. L. R. 925.)

The motion to dismiss upon the ground of lack of jurisdiction must therefore be denied. The application, insofar as it seeks a dismissal because of plaintiff's alleged incapacity to sue, is also denied. Sufficient is alleged in the complaint and affidavits to make out a prima facie showing of such capacity. The motion to dismiss upon this ground will be denied, however, with leave to interpose such alleged incapacity as a defense in the answer. Settle order, providing for time within which defendant may serve an answer.