"EMILY MORTON," Petitioner, *v.* "FRANK MORTON,"
Respondent.*

Domestic Relations Court of the City of New York, Family Court,
New York County, January 14, 1947.

MOTION to dismiss proceeding for support.

*Sidney L. Garwin* for respondent.

*I. T. Flatto* for petitioner.

McCLANCY, J. This is a motion to dismiss the proceedings in this court, because of a divorce decree entered in the State of Oklahoma.

The parties were married January 14, 1935, in Elkton, Maryland. There are no children of the union. From the court history it would appear that the parties lived together for about five weeks before they separated.

On November 19, 1945, in the District Court of the County of Muskogee, in the State of Oklahoma, the respondent "Frank Morton" commenced an action for divorce against the petitioner herein, "Emily Morton." Petitioner's motion to dismiss respondent's action for divorce in that State, on the grounds that that court had no jurisdiction in the matter, was heard and overruled. A hearing was held on the divorce proceeding and respondent was granted a divorce from the petitioner.

Inasmuch as the petitioner, by her special appearance in the court of the State of Oklahoma, tested the jurisdiction of that court to grant a decree of divorce against her, in which the respondent herein was the plaintiff, such jurisdictional facts cannot again be tried. Where process was served by substituted

---

* The names of the petitioner and respondent herein are fictitious.

service, " the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact." (*Williams* v. *North Carolina,* 325 U. S. 226, 232.) Since the petitioner has already contested the jurisdiction of the court issuing the divorce, this court cannot permit the jurisdiction of the Oklahoma court to be collaterally attacked. (*Miller* v. *Miller,* 65 N. Y. S. 2d 696, 697–698; *Matter of Stiller,* 175 App. Div. 211.)

The motion of the respondent to dismiss the petition for support of the petitioner herein is accordingly granted and the petition is dismissed.