GEORGE A. BROWN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32194.)

Court of Claims, December 8, 1953.

*Nathan L. Levine* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* of counsel), for defendant.

SYLVESTER, J. This motion for an examination before trial of the State is opposed by the Attorney-General upon the ground stated in his letter of submission, the material excerpt of which follows:

In opposition to this motion being heard at New York rather than Albany, I refer to your Honor's decision in Motion 2422 — claimant Joseph Bono and ano., Claim 31339. The stenographer's report blank of such decision handed down July 16, 1953, reads as follows:

" Motion denied without prejudice to renewal of the motion by the Attorney General when made in an appropriate district. Short form to be entered."

In the Bono claim (*supra*) your Honor will recall that the State's motion returnable before you in New York, was upon a claim pending in a district other than the New York district of the Court of Claims.

I am in entire accord with the decision of your Honor in the Bono claim (*supra*), and respectfully submit that under your Honor's decision of July 16, 1953 in that claim, the within motion in the Brown claim (*supra*) should be denied without prejudice to renewal thereof in an appropriate district.

The Attorney-General overlooks the import of the disposition in *Bono* v. *State of New York* (Claim 31339). As a guide to the practice to be encouraged in such matters, it will be helpful to briefly discuss the circumstances attending the *Bono* ruling:

In order to facilitate the disposition of litigation pending in the Court of Claims, this court set apart two days during the summer of 1953, for the hearing of motions. . Due notice thereof was published in the New York Law Journal.

The Attorney-General thereupon saw fit to bring on eight motions, among them the *Bono* motion, returnable in New York City, all of which could have been made returnable in the venue districts when court was there in session. This display of industry on his part was calculated to impose great hardship upon the lawyers in those cases which were then pending in districts other than New York City. Though his initiative was undoubtedly prompted by a spirit of co-operation with the program, it unwittingly did much to sabotage it. The court, therefore, denied the Attorney-General's motion in the *Bono* case, as well as in the others, without prejudice to renewal of the applications when made in the appropriate districts. This avoided unnecessary hardship and expense to counsel in districts outside of New York.

The *Bono* case is not to be considered precedent for a denial of the instant motion. It should be evident that the spirit of the *Bono* ruling requires the entertaining of motions wherever it

reasonably fits the convenience of the litigation. The whole matter obviously rests in the discretion of the court and accords with a long enduring practice. The court will not require counsel to unnecessarily travel great distances to argue a mere routine motion where opportunity is available for a hearing in the district of venue. Here, though venue is in the Albany district, it would be unreasonably burdensome to compel claimant's counsel to incur the expense and loss of time which would ensue if the motion were relegated to another district, particularly since the Attorney-General is locally adequately staffed.

The motion to examine the State of New York before trial is granted as to items two, three, four, five and seven; item one is limited to the dates of confinement at the various State prisons; item five is granted as to the following form: " the performance of an operation, or the rendition of medical treatment by representatives of the State, the persons performing, and the nature, extent and after effects of such operation and treatment ". Relevant records, X rays and reports are to be produced in accordance with the provisions of section 296 of the Civil Practice Act.

The State of New York by Warden J. Vernel Jackson, Dr. Caswell and the physicians or other persons having personal knowledge of the facts at Dannemora Prison, are directed to appear for examination at Dannemora Prison, Clinton, New York, on December 16, 1953, at 10:00 A.M. The State of New York by Warden W. L. Denno, Dr. Harold W. Kipp, Dr. C. C. Sweet and the physicians or other persons having personal knowledge of the facts at Sing Sing Prison, are directed to appear for examination at Sing Sing Prison, Ossining, N. Y., on January 4, 1954, at 10:00 A.M. Upon consent of counsel, copy of transcript of the testimony is to be furnished to the Attorney-General.