ESTHER KANNER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32606.)

Court of Claims, October 1, 1954.

*David Ray Bernstein* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Quentin E. Grant* of counsel), for defendant.

SYLVESTER, J. Claimant suffered an accident at the Washington baths in Saratoga, operated by the Saratoga Springs Authority, an agency of the State. She has filed a claim to recover damages for her injuries and the issue appears on the calendar of the Albany district of the court. The instant motion for examination of the State before trial was made returnable

at the chambers of a judge of the court in New York City. The State has submitted its affidavit " for the sole purpose of questioning the jurisdiction of this court, sitting in New York City, to entertain this motion, for this purpose only, and does not appear generally herein." An inspection of the claim and the papers upon this motion makes it obvious that the court does not lack jurisdiction of the action (Court of Claims Act, § 9, subd. 2). This, therefore, is not an appropriate situation for a special appearance (cf. Civ. Prac. Act, § 237-a). The Attorney-General's so-called special appearance would presuppose that he is not appearing generally in the action. But this would also be repugnant to his prior demand herein for a bill of particulars (*Montgomery* v. *East Ridgelawn Cemetery,* 182 Misc. 562, affd. 268 App. Div. 857) and to his failure to assert such a status for a period long after the filing of the claim. Though the case is on the Albany calendar, the motion, in the court's discretion, may be heard in another district. This accords with a practice that has long obtained in the Court of Claims (*Brown* v. *State of New York,* 204 Misc. 1013). The motion is granted as to items 1, 2 and 5; granted also as to item 3 in the following form: " The manner and method of the care and maintenance of the Washington Baths, and more particularly in the corridor thereof leading from the reception entrance hall and office and then along and past the line of rooms generally used for bath and for massage purposes, as well as the times and manner of waxing, cleaning, coating or other polishing and care of the said corridor "; item 4 is granted as follows: " When, on April 9, 1954, or immediately prior thereto, the corridor described in item 3 was cleaned, waxed, or otherwise coated and polished, and the substance and method used for the doing of same; and who, in behalf of the State of New York and the Saratoga Springs Authority did and performed the same on the 9th day of April 1954, or the last time immediately prior to the said date "; item 6 is also granted in the following form: " The injuries sustained by claimant, Esther Kanner, and the medical care and attention accorded her at the Washington Baths premises "; item 7 is denied; item 8 is granted except that proof of prior accidents will be limited to a period of two years prior to the date of the accident and confined to the area described in item 3.

Examination of the executive secretary of the Saratoga Springs Authority or his deputy or deputies having knowledge of the facts, is directed to take place on October 18, 1954, at 10:00 A.M., at the office of the authority in Saratoga, New York.

Relevant documents are to be produced upon the examination in accordance with section 296 of the Civil Practice Act. Upon consent of counsel, copy of the transcript of the examination will be furnished to the Attorney-General, without cost. Submit order.