Charles J. Beckinella, J.
This is a motion by a defendant who purports to appear “ specially for the purpose of this motion only”, for judgment pursuant to subdivision 5 of rule 107 of the Buies of Civil Practice on the ground that the action was not commenced within the three-year Statute of Limitations.
A party appears generally when he raises “ an objection to the complaint in point of law ”. (Civ. Prac. Act, § 237.) (See Montgomery v. East Ridgelawn Cemetery, 182 Misc. 562, affd. 268 App. Div. 857; cf. Civ. Prac. Act, § 237-a, subd. 1.) Accordingly, the court disregards defendant’s characterization of his appearance as special and treats the motion as one made by a defendant making a general appearance.
It appears that the Statute of Limitations was about to expire on February 6, 1958. Pursuant to section 17 of the Civil Practice Act, the plaintiff delivered a copy of the summons to the office of the Sheriff of the City of New York on February 4,1958, for service upon the defendant Morgan. This had the effect of *961 extending the Statute of Limitations. “ But ”, states the statute, ‘ ‘ in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the «ummons or by service thereof without the state, upon the defendant sought to be charged, or by the first publication of the summons, ¡as against that defendant, pursuant to an order for service upon bim in that manner or by substituted service of the summons on such defendant within the state pursuant to an order.” (Civ. Prac. Act, § 17.) (See, also, Cohoes Bronze Co. v. Georgia Home Ins. Co., 243 App. Div. 224; 2 Carmody-Wait Cyclopedia of N. Y. Practice, p. 340.)
On April 4, 1958, an order of this court was entered authorizing substituted service of the summons in the action upon the defendant Morgan. Plaintiffs’ attorney states that “ service of the summons and complaint herein, together with a copy of the said order has been made in accordance with the terms thereof.” The date of such service is not stated by the plaintiffs or their attorney.
Defendant’s attorney states that the summons 'and complaint in the action, and a copy of the order of this court authorizing substituted service were not served until April 10, 1958. That date was not “ within sixty days after the expiration of the time limited for the actual commencement of the action”. (Civ. Prac. Act, § 17.)
Accordingly, the motion made pursuant to subdivision 5 of ride 107 of the Rules of Civil Practice is granted without prejudice to the plaintiffs’ right to renew this motion on whatever proof they may have that service of the summons was made upon the defendant Morgan within 60 days after the expiration of the Statute of Limitations.
Settle order on notice.