(37 Misc. Rep. 256.)

### FARMERS' LOAN & TRUST CO. v. PENDLETON.

(Supreme Court, Special Term, New York County. February, 1902.)

1. TRUSTS—DEATH OF TRUSTEES—SUBSTITUTION.

Where the corpus of a trust created in the executors and trustees of a foreign will was set apart, and a part of it was within the state, and the trustees and the beneficiaries were at all times residents of the state where the trust was administered, on the death of the trustees the supreme court has power to appoint a substituted trustee, though the deceased trustees never accounted as executors in the court of probate.

2. SAME—RIGHT OF ACTION.

Where a trustee is substituted on the death of the original trustee, he may sue the executrix of such trustee for an accounting of the trust fund, and to obtain possession thereof, without making the personal representatives or heirs at law of another deceased original trustee parties.

Action by the Farmers' Loan & Trust Company, as substituted trustee, against Jennie F. Pendleton, executrix, for an accounting as to trust funds. Judgment for an accounting.

Philbin, Beekman & Menken, for plaintiff.

Jacob F. Miller, for defendant.

BISCHOFF, J. Under the will of William S. Pendleton, admitted to probate in the state of Massachusetts, a trust fund of $16,000 was created for the benefit of his son George, the trust to be administered by John M. Pendleton and William H. Pendleton, who are designated as trustees, and who also qualified as executors. Both trustees became residents of the state of New York, and it does not appear that either was ever a resident of Massachusetts. William H. Pendleton subsequently died, and, under the terms of the will, the further execution of the trust devolved upon the surviving trustee John M. Pendleton. Thereafter, upon the death of John M. Pendleton, the plaintiff was appointed substituted trustee in a proceeding instituted in this court to that end, and this action is brought against the executrix of John M. Pendleton for an accounting of the trust funds. Certain of the property described as the subject of the trust has been found in this state, and is in the plaintiff's possession; but in view of the fact that the will which created the trust was probated in Massachusetts, and also because no final accounting of the executors under that will has been made before the probate court, it is contended that there is no jurisdiction in this court over the subject of the action, and that the appointment of the plaintiff as substituted trustee was invalid for the same reason. The answer also sets up a defect of parties, in that the heirs or personal representatives of William H. Pendleton, the trustee who predeceased defendant's testator, are not joined.

As I view the case, the fact that there has been no accounting by these executors and trustees, in their capacity as executors, before the probate court, does not affect the plaintiff's right to maintain this action. Of course, if there had been no separation of the estate by the executors so far as to bring the trust fund into existence, the funds applicable to the trust would still remain in their hands as executors, in which capacity they might be subject to the exclusive control of the foreign court. The trust estate came into their hands as trustees only when there had been administration of the fund to this end, but, when they took the fund as trustees, by virtue of their act, as executors, in separating it from the general estate for the purpose of holding it as a trust fund, in accordance with the will, the identity of the subject of the trust became established.

The evidence supports the conclusion that there had been a separation of this fund, and that the trustees entered upon their duties as such. Therefore the property in question lost its character as a part of the general estate, and became a fund, held not by virtue of the probate nor of any decree of the Massachusetts court, but through the will, taken as in the nature of a conveyance. Belden v. Wilkinson, 44 App. Div. 420, 60 N. Y. Supp. 1083; Dunning v. Bank, 61 N. Y. 502, 19 Am. Rep. 293.

The bare fact that the will was admitted to probate in Massachusetts does not fix the situs of the trust as without the jurisdiction of this court, the rule which gives to the foreign court exclusive control over foreign executors not being applicable to the case of trustees appointed under a foreign will, but who reside in this state (Jones v. Jones, 8 Misc. Rep. 660, 676, 30 N. Y. Supp. 177); and there is sufficient proof before me that the trust fund was administered within this state, continuously, by resident trustees for the benefit of a beneficiary, who was, and now is, also a resident of the state. Under these circumstances, the authorities uphold the jurisdiction of this court to appoint a substituted trustee, and to entertain an action brought by the substituted trustee for an accounting in furtherance of the trust. Curtis v. Smith, 60 Barb. 9; Story, Conf. (8th Ed.) § 514, note B; Dunning v. Bank, supra.

The contention of the defendant that there could be no separation of the trust fund from the general estate, except by decree of the probate court after an accounting by the executors, is founded upon the rule that where the same person is executor and trustee he cannot escape liability as executor (if the parties interested elect to hold him to that liability) by asserting an informal transfer to himself as trustee. No case has been cited, however, which holds that proof of an actual assumption of the duties of trustee will not suffice for an action founded upon the assertion that the trust had come into existence, where the parties interested in the trust fund adopt the trustee's own acts in taking the fund, as such (from himself as executor), for the purposes of the trust.

As to the alleged defect of parties, there being no proof to rebut the presumption that defendant's testator, as surviving trustee, took possession of such part of the trust fund as may have been in the hands of his co-trustee (Davis v. Kerr, 3 App. Div. 329, 38 N. Y. Supp. 387), the personal representatives of the latter, if any there be, are not necessary parties; and so far as his heirs at law may be interested in the principal of the trust fund, after the trust has determined, there is nothing for them to litigate in this action, which is brought simply to obtain possession of the principal for due administration of the trust.

The plaintiff is entitled to an interlocutory judgment for an accounting as prayed. Judgment for plaintiff.