GEORGE GRAY ZABRISKIE, as Trustee in Bankruptcy of HOOVEN SERVICE, INC., Respondent, *v.* SECOND NATIONAL BANK OF HAMILTON, OHIO, Appellant, Impleaded with PAUL M. HOOVEN, Defendant.

First Department, March 2, 1923.

**Process — motion to set aside service of summons on national bank of sister State — attachment was vacated on ground of violation of United States Revised Statutes, § 5242 — special appearance to vacate attachment did not become general because motion was not based specifically on violation of Federal statute — extension of time to answer granted in order to show cause why attachment should not be vacated did not deprive bank of right to object to jurisdiction — service of summons set aside.**

On a motion to set aside the service of a summons without the State in an action against a national bank of a sister State, it appeared that an attachment against the defendant's bank deposit in a bank of this State was vacated on the ground that the attachment constituted a violation of section 5242 of the United States Revised Statutes; that the bank appeared specially on the motion to vacate the

attachment; that said motion was made on the papers on which the attachment was granted and was not based specifically on the ground that the attachment constituted a violation of the Federal statute, and that an extension of time to answer or plead was granted in the order to show cause why the attachment should not be vacated.

*Held*, that the failure of the bank to base its motion to vacate the attachment on the ground that the attachment violated the Federal statute, and the extension of time to answer or plead granted in the order to show cause, did not make the appearance by the bank general nor constitute a waiver of its right to object to the jurisdiction of the court, and accordingly the service of the summons should be set aside.

APPEAL by the defendant, Second National Bank of Hamilton, Ohio, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of November, 1922, denying said defendant's motion to set aside the service of the summons.

*Shearman & Sterling [Walter K. Earle* of counsel; *Chauncey B. Garver* with him on the brief], for the appellant.

*Patterson, Eagle, Greenough & Day [Carroll G. Walter* of counsel], for the respondent.

DOWLING, J.:

The appellant is a national bank located at Hamilton, Ohio. The plaintiff, as a trustee in bankruptcy, brings this action to recover certain moneys, which it is claimed were paid to the appellant in such a manner as to constitute an unlawful preference.

The action was commenced by the issuance of a warrant of attachment on July 14, 1922, under which the sheriff of New York county levied, and attached the appellant's bank deposit in the National City Bank of New York.

On August 9, 1922, the plaintiff obtained an order for substituted service of the summons on the appellant, and on August eleventh the summons was served upon the appellant personally, without the State of New York, in Hamilton, O., pursuant to sections 232 and 233 of the Civil Practice Act. No other service of the summons was made; and it is conceded that the order authorizing the substituted service without the State and the actual service of the summons in Ohio under that order were made and depended entirely upon the attachment proceedings.

On August 29, 1922, appellant, appearing specially for that purpose, moved, on an order to show cause, to vacate the attachment. The motion was granted on the ground that, in view of the prohibition contained in section 5242 of the United States Revised Statutes, the property of a national bank cannot be attached prior to judgment; and an order vacating the attachment was

entered on September 30, 1922, and the attachment has been released.

This motion to vacate and set aside the service of the summons was then made by the appellant on October second, again appearing specially for that purpose; the appellant contending that, the attachment being vacated, the order for substituted service and the service in Ohio pursuant thereto must be set aside and vacated, because the right to make such service depended on the validity of the attachment.

The motion was denied, on the ground that the appellant had appeared generally in the action and had waived its right to object to the jurisdiction of the court.

The plaintiff contended in the court below that the general appearance and waiver by the appellant were brought about in two ways: (1) Because the motion to vacate the attachment was made upon the papers on which the attachment was granted and was not based specifically on the sole ground that the Federal statute had been violated; and (2) because an extension of time to answer or plead was granted the appellant in the order to show cause on the motion to vacate the attachment.

As to the first reason assigned, I do not think it is tenable. The defendant appeared specially for the purpose of challenging the jurisdiction of the court. That jurisdiction depended upon the validity of the attachment. It has been settled since *Manice* v. *Gould* (1 Abb. Pr. [N. S.] 255) that a defendant may move to set aside an attachment against his property without putting in a general appearance in the action. As was argued by counsel for defendant in that case: " If, in case of an unauthorized attachment against a non-resident, the defendant must put in a general appearance before he can move to discharge it, the consequence is, that the plaintiff by his wrongful act compels the defendant to give the court jurisdiction and control of the subsequent proceedings, for the court has such jurisdiction and control from the time of the service of the summons, and a voluntary appearance is equivalent to personal service of the summons." The defendant in the present case appeared specially only in order to contest the validity of the attachment, which was the basis of the jurisdiction sought to be established, and such appearance was not equivalent to a general appearance.

As to the second objection, I believe it is also untenable. The order to show cause why the attachment should not be vacated extended the time of defendant to answer or otherwise plead for twenty days after the determination of the motion; but that order recited that it was made " on motion of Shearman & Sterling,

attorneys for the defendant Second National Bank of Hamilton, Ohio, appearing specially for the purpose of this motion." The affidavit upon which the order was obtained was made by a member of the firm of Shearman & Sterling, " appearing specially for the purpose of this motion only," and showed that the defendant's time to answer should expire on August thirty-first, wherefore an extension of time to plead beyond the determination of the motion was desired. Plaintiff contends that by obtaining this extension of time defendant submitted itself to the jurisdiction of the court and in effect appeared generally in the action. To so hold would be to totally disregard the conditions under which the order was obtained. It is quite true that where a defendant appears by attorney in an action and enters into a stipulation for an extension of his time to answer the complaint, he impliedly admits the jurisdiction of the court and waives his right to object to its jurisdiction. (*Hupfeld* v. *Automaton Co.*, 66 Fed. Rep. 788; *Waters* v. *Central Trust Co.*, 126 id. 469.) But here the application for an extension of time to plead was incidental to a motion to vacate the warrant of attachment upon which jurisdiction was based, which motion recited that defendant was only appearing specially in the action, and the accompanying affidavit showed that the only appearance was a special one. Under such conditions it would be unreasonable to hold that the mere obtaining of an extension of time to plead as a precautionary measure to avoid the entry of a judgment by default, which would have to be set aside if the attachment was later vacated, constituted a general appearance, when defendant constantly asserted that it was only appearing specially. As was said in the *Waters Case (supra)*: " It is well settled that an application for an extension of time ordinarily amounts to a voluntary general appearance and a submission to the jurisdiction of the court, because the circumstances show a waiver of the right to question such jurisdiction.   *   *   * But if the facts show that such application is made solely in order to preserve the right of a party to deny such jurisdiction, there is no reason to presume a waiver of such right or an intent to submit to such jurisdiction."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to set aside the service of the summons granted.

CLARKE, P. J., PAGE, MERRELL and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.