164

BESSIE V. BRAMAN, Appellant, *v.* HAROLD A. BRAMAN, Defendant, Impleaded with THE CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee under the Last Will and Testament of CHESTER A. BRAMAN, Deceased, Respondent.

First Department, July 1, 1932.

*S. Howard Imbrey* of counsel [*Benjamin Lifshitz* with him on the brief; *Moos, Nathan, Imbrey & Levine*, attorneys], for the appellant.

*William St. John Tozer* of counsel [*Milton A. Kramer* with him on the brief; *White & Case*, attorneys], appearing specially for the respondent.

MARTIN, J. The complaint alleges for a first cause of action that the plaintiff and defendant Harold A. Braman were married on August 1, 1922, in the State of Massachusetts and thereafter continued to live as husband and wife in the State of Rhode Island; that thereafter and prior to the month of October, 1928, the plaintiff and her husband separated and continued to live apart. On October 31, 1928, the parties entered into a separation agreement, which was amended on July 8, 1929, on which date the plaintiff obtained a final decree of absolute divorce from the defendant Harold A. Braman in the Superior Court of the State of Rhode Island, which decree incorporated therein, by reference, the aforesaid separation agreement. On October 21, 1930, a supplemental decree of divorce was duly entered by the Superior Court of the State of Rhode Island, which by its terms incorporated therein verbatim the aforesaid separation agreement of October 31, 1928, and the modification of same on July 8, 1929.

The agreements and decrees provide, among other things, that the defendant Harold A. Braman shall pay to the plaintiff $500 per month for her support and $50 monthly for the support of their daughter; that $30,000 in securities shall be deposited by the defendant Harold A. Braman with the Industrial Trust Company of Providence, R. I., in order to adequately provide for the payments to be made under the agreements and to guarantee the carrying out of same; that the provisions with respect to the payments and the creation of the fund were made in contemp ation of a prospective inheritance by defendant Harold A. Braman from his father, and upon the condition that he should share substantially equally with the other chi'dren of his father.

The complaint then alleges that the father of the defendant Harold A. Braman died on or about November 29, 1928, a resident of the State of New Jersey, leaving a last will and testament, under the terms of wh'ch the Central Union Trust Company of New York was appointed trustee and that this respondent is the successor to said company and is now trustee under the will and has assumed all obligations under same.

Under the provisions of the will the remainder of the estate of the father of the defendant Harold A. Braman was left to the trustee to be divided into equal shares, the income of which was payable to various persons named therein, including the defendant Braman. The complaint then alleges that the corpus of the trust fund is under the control and custody of the respondent within the State of New York, and that the defendant Harold A. Braman is receiving and will continue to receive more than $30,000 annually in quarterly installments as income of the trust; that prior to the

commencement of this action he received the sum of $300,000 absolutely as a legacy from his father, and that by reason thereof he has shared substantially equally with the other children of his father, and that aside from the trust and the income thereof the defendant Harold A. Braman has no property or funds in the State of New York.

It is then alleged that pursuant to the agreements and decrees there became due the plaintiff from the defendant Harold A. Braman the sum of $500 on the 1st days of September, October, November and December, 1930, totaling $2,000, less a credit of $115.24, leaving a balance of $1,884.76; that in violation of his agreements and the terms of the decrees, he has refused and failed to deposit the sum of $30,000 in escrow as a guaranty of his performance of the conditions of the agreements and decrees; that prior to the commencement of this action he left the State of Rhode Island; that plaintiff is without adequate means to support herself and child in the condition in which they are accustomed to live and that she has no adequate remedy at law.

The plaintiff alleges for a second cause of action that there is due and owing to her the sum of $1,884.76 as accrued alimony, no part of which sum has been paid, although duly demanded. She seeks to have the defendant Harold A. Braman specifically perform the agreements and make the payments and the deposit and also seeks injunctive relief restraining the transfer of the corpus of the trust fund and the payment by the respondent of any income derived from the trust fund to the defendant Harold A. Braman.

The plaintiff served the summons, complaint and motion papers for a temporary injunction upon the respondent, the Central Hanover Bank and Trust Company, and the latter then obtained several extensions of time in which to plead or move as to the complaint and then moved to dismiss it upon the ground that it appeared on the face thereof that the court had no jurisdiction over the person of the respondent, or, in the alternative, on the ground that the court had no jurisdiction of the subject of the action.

The court at Special Term dismissed the complaint on the ground of lack of jurisdiction over the person of the respondent, without prejudice to an action in the State of New Jersey, or in any other proper forum, and also denied the application for a temporary injunction restraining the respondent from making any disposition of the corpus of the trust fund or the income thereof, without prejudice to a further application in New Jersey or in any other proper forum.

The appellant now contends that the respondent, by its acts and conduct, waived its objection to the court's jurisdiction, in that it

requested and obtained, for a period of several weeks, adjournments of the plaintiff's motion for a temporary injunction and extensions of time in which to answer the complaint. It is pointed out that on the occasion of each adjournment and extension the respondent, by its attorneys, signed stipulations wherein no mention was made or indication given that its appearance in this action was other than a general appearance; that it failed to specify that it was appearing specially and must be deemed to have waived its objections to the court's jurisdiction over its person. It is claimed that any doubt whether respondent appeared generally in this action is dispelled when we consider that the respondent contested the plaintiff's application for a temporary injunction, not alone on jurisdictional grounds, but also on the merits.

It is well settled that a defendant who intends to appear specially in an action must rely solely upon his jurisdictional objection and cannot protest against the court's jurisdiction and at the same time defend the action on the merits as such positions are inconsistent and when a defendant adopts both at the one time he is deemed to have waived his jurisdictional objection. The respondent by obtaining adjournments of the motion made by plaintiff for a temporary injunction and by obtaining extensions of time in which to answer must be deemed to have waived its objection to the court's jurisdiction over its person. In *Zabriskie* v. *Second National Bank* (204 App. Div. 428) this court said: " It is quite true that where a defendant appears by attorney in an action and enters into a stipulation for an extension of his time to answer the complaint, he impliedly admits the jurisdiction of the court and waives his right to object to its jurisdiction. [*Hupfeld* v. *Automaton Piano Co.*, 66 Fed. Rep. 788; *Waters* v. *Central Trust Co.*, 126 id. 469.] "

In this case the extensions of time to answer were not incidental to or part of any special appearance or motion attacking the complaint and service thereof on jurisdictional grounds. In addition, the respondent not only contested the plaintiff's application on jurisdictional grounds but also on the merits. Such a position is deemed to be a waiver of the jurisdictional objections. In *Citizens Trust Co.* v. *Prescott & Son, Inc.* (221 App. Div. 426, 431), the court said: " A special appearance is permitted only for the purpose of attacking the jurisdiction of the court over either the subject-matter or the person of the party. * * * The word ' appearance ' means a voluntary submission to the jurisdiction in whatever form manifested, * * * and one who appears and participates in the proceeding, notwithstanding he states his appearance is only special, if it be for any purpose other than assailing the jurisdiction of the court, is deemed to have appeared generally."

(See, also, *Henderson* v. *Henderson*, 247 N. Y. 428; *Muslusky* v. *Lehigh Valley Coal Co.*, 225 id. 584; *Matter of Stiller*, 175 App. Div. 211.) In view of our decision on the other points involved herein, a further discussion of this subject is unnecessary.

The appellant also contends that the court has jurisdiction over the person of the respondent, even though the latter is a foreign testamentary trustee. It is well settled in this State that a foreign testamentary trustee, who is a resident of this State, is subject to the jurisdiction of our courts. In the case of *Farmers' Loan & Trust Co.* v. *Pendleton* (37 Misc. 256; affd., on opinion below, 90 App. Div. 607, and revd., on other grounds, 179 N. Y. 486) the court said: "The bare fact that the will was admitted to probate in Massachusetts does not fix the *situs* of the trust as without the jurisdiction of this court, the rule which gives to the foreign court exclusive control over foreign executors not being applicable to the case of trustees appointed under a foreign will but who reside in this State * * *."

The law on this point is well stated in Bogert on Trusts, page 472, as follows: "Equity acts *in personam* and, if it has jurisdiction of the person of the defendant, may order him to account for or dispose of the trust property as the principles of equity dictate, even though the trust property may be situate in a foreign jurisdiction."

It is also the contention of the appellant that the court had jurisdiction of the subject-matter of this action since the respondent admits that prior to the commencement of this action it, as trustee for the beneficiaries of the trust, received the sum of $200,000, income under the trust; that the defendant Braman is entitled to one-fifth thereof, or $40,000. The respondent claims that this sum was loaned by it to the executors to be used for administering the estate. In view of the fact that the money was loaned to the executors they now owe the respondent $200,000; since both the individual executors and the respondent are residents of New York State, the *situs* of the debt is in New York State and it is an asset in the possession of the respondent. That the action of the respondent in lending the money to the executors created a debt due the respondent from the executors is established by the law as laid down in *Schmittler* v. *Simon* (101 N. Y. 554, 557), where the Court of Appeals said: "Neither executors nor administrators have power to bind the estate represented by them through an executory contract, having for its object the creation of a new liability, not founded upon the contract or obligation of the testator or intestate. * * * In actions upon contracts made by them, however they may describe themselves therein, they are personally liable * * *."

In *Hopper* v. *Hopper* (125 N. Y. 400, 403) the court said: " The individual may come here and acquire rights or incur liabilities which our tribunals will defend or enforce, but he can have no representative rights or liabilities since we recognize in him no representative character. The foreign executor may make a contract here which our courts will compel him to perform because it is his contract   *   *   *."

It seems to us that in addition to having jurisdiction of the person of the respondent and the subject-matter of the action, the court has before it a proper case for temporary injunctive relief. Unless the respondent is restrained it is at liberty, at any time, to place the corpus of the trust fund in some other jurisdiction, and if it should be turned over to the defendant Harold A. Braman he may dispose of it before the plaintiff can prevent him from so doing.

In *Wetmore* v. *Wetmore* (149 N. Y. 520, 528) the court said: " It will thus be seen that the awarding of alimony is not on account of any debt due and owing from the husband to the wife, but that it is based upon a duty devolving upon the husband to support her. And that in awarding judgment against him the court determines the amount necessary for such support, and requires the amount so fixed to be paid to her. His duty is thus determined. And from that time on he is in effect a debtor owing his wife the amount adjudged and determined by the decree. Whilst such amount is in effect the property of the wife, yet, it being created and protected by equity, cannot be reached by prior existing creditors.   *   *   *

" As we have seen, the plaintiff has availed herself of the remedies given by statute without success. She then brought this action appealing to the equity powers of the court to enforce her rights. When she became the wife of the defendant William he undertook to support and maintain her during life. That duty still devolves upon him, notwithstanding the decree of divorce. Being the guilty party, his duty is continued, and is measured and fixed by the decree.   *   *   *

" The will creating the trust for the benefit of William makes no mention of his wife. And yet, owing to their unity of person and his duty to support her, equity will not permit the interposition of creditors until there is a surplus over and above that which is necessary for the support of himself, his wife and infant children. (*Williams* v. *Thorn,* 70 N. Y. 270; *Tolles* v. *Wood,* 99 N. Y. 616; *Sillick* v. *Mason,* 2 Barb. Chan. 79.)

" Equity will not feed the husband and starve the wife. Neither will it favor the wife to the detriment of the husband. Treating

them as one, and both entitled to support out of the income of the estate, so far as creditors are concerned, furnishes a just rule and a safe basis for adjustment where the question of support arises between themselves.   *   *   *

"The judgment requires the trustee to pay over not only the surplus accumulated, but that which shall hereafter accrue in satisfaction of the plaintiff's allowance for alimony.  We do not think the court exceeded its powers in this respect, or that the judgment operates to annul the trust.  To hold that a separate action must be brought as each annual or semi-annual payment accrued, would be burdensome and unnecessary." (See, also, *Matter of Yard*, 116 Misc. 19.)

The plaintiff is entitled to the aid of the court under the circumstances here disclosed.

Both the orders appealed from should be reversed, with ten dollars costs and disbursements, the motion to dismiss the complaint denied, with ten dollars costs, with leave to defendant, respondent, to answer within twenty days on payment of said costs, and the motion for an injunction granted.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order dismissing complaint reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.  Order denying motion for temporary injunction reversed, with ten dollars costs and disbursements, and motion granted.  Settle order on notice.