In the Matter of the Estate of SIDNEY WILLIAMS, Deceased.

Surrogate's Court, New York County, October 10, 1939.

*Goodale, Hanson & Hooker*, for the trustee.

DELEHANTY, S.   A question of commissions requires determination.   Deceased put one-half of his estate in trust for the life of his wife with remainder to " be added to the balance of my estate and be handled in the manner provided therein."   This " balance " he divided into three equal parts.   Two parts he bequeathed outright.   The third he gave in trust for the life benefit of a daughter.   A single trustee has been acting for both wife and daughter.   The trust for the wife has now ended.   One-third of its corpus is about to be paid into the fund from which the daughter derives income.   The trustee has heretofore had receiving commissions on the entire trust principal.   At this time he claims to be entitled to a full paying commission on the entire trust *res* which is being distributed.   His right to a paying-out commission on so much of the fund as is now to be distributed outright is not questioned.   If, however, a paying-out commission is allowed now on the fund to be added to the daughter's trust basis will be supplied for a claim by the trustee that when he renders his final account for the daughter's fund he will be entitled to deduct another full commission for receiving and paying out this very property.   In short, what the trustee seeks as respects the fund now to be paid from the wife's trust into the daughter's trust are double commissions as trustee — one as trustee for the wife and one as trustee for the daughter.   These are sought in addition to the executor's full commission heretofore paid on the same fund.

It is conceded by the trustee that if deceased had created a single trust with income to his wife for life and had provided that after the wife's death one-third of the corpus *should be continued* in trust for the life of the daughter, only one full commission could be claimed against the property thus subjected to primary and secondary life estates.   But in the present case, it is argued, the trust *res* on which a double *trustee's* commission is sought does not have such legal continuity as exists in the situation just supposed.   Here, it is argued, the property comes from one distinct trust which has terminated and is paid into another separate and distinct

trust which pre-existed the present transaction. The trustee's brief says: "The will does not call for a secondary trust. A secondary trust has not been set up. There has been simply an enlarging or growth of the original Priestman trust," *i. e.*, the trust for the daughter.

The argument of the trustee is without support either in the will or in the authorities. The will directs that the portion of the widow's trust continued in the hands of the trustee " be added to " the fund for the daughter. That text is equivalent to the use of the words " shall be continued in trust for " the daughter. As was said in *Leask* v. *Beach* (173 App. Div. 873): " The argument in support of the claim [for double trustee's commissions] is * * * the will provided for distinct successive trusts, one of the whole fund which was completely terminated upon the death of Mahlon Hoagland, and that thereupon an entirely new and separate trust was set up upon which the trustees assumed new duties and became entitled to new commissions. The only real foundation for this claim is to be found in the language of the will, which provides that upon the death of Mahlon Hoagland the sum of $220,000 ' shall be paid over ' to the executors to be held in trust * * *. The practical result was precisely as if the testator had in terms provided that upon the death of Mahlon Hoagland his executors should ' retain ' the sum of $220,000 * * *. It is not to be presumed that the testator used the words ' shall be paid over ' merely for the purpose of investing his executors with the right to receive multiple commissions."

The reasoning in this case was expressly approved by the Court of Appeals in *Matter of Coutts* (260 N. Y. 128). In rejecting a claim there made for double commissions the court said among other things: " the trustees *being the same persons* are entitled to compensation in but one capacity." (Italics supplied.) Here the trustee is of course the same individual. In no practical sense is he parting with the property at all at this time. In no practical sense is he as trustee for the daughter acquiring any new property at this time. Under the will he is the trustee for mother and daughter and he holds particular property which is here in question as trustee for both of them — for the mother first and for the daughter next. He is entitled to but one commission because he is rendering but one service. When the computation of commissions has been revised in accordance with this decision a decree settling the account may be submitted. Proceed accordingly.