In the Matter of the Estate of JOHN W. BARRETT, Deceased.

Surrogate's Court, New York County, June 16, 1954.

*Philip C. Scott* and *Leonard Joseph* for Rutherford Trust Company appearing specially for motion.

*Cooke, Brown & Page* for Carleton S. Cooke appearing specially for motion.

*Edwin W. Cooney* and *Pauline B. Taylor* for City Bank Farmers Trust Company, petitioner, opposed.

COLLINS, S. Testator John W. Barrett died in 1934, a resident of this county, and his will was admitted to probate in this court. Testator bequeathed two fifths of his residuary estate in trust for the benefit of his brother William Mitchell Barrett (hereinafter referred to as Mitchell) to whom testator granted a power to appoint the remainder. Mitchell died in January, 1938, a resident of New Jersey, where his will was admitted to probate. He explicitly exercised the power of appointment in the residuary provision of his will wherein he directed that three fifths of the appointed property be held in trust for the benefit of his wife during her lifetime and on her death be held in continued trust for the lifetime of his son William Wilson Barrett (hereinafter referred to as Wilson) and further directed that two fifths of the appointed property be held in trust for the benefit of Wilson during his lifetime and on his death be held in further trust for the benefit of Mitchell's widow if she then be living. Mitchell granted his son Wilson power to appoint the remainders.

Following the death of Mitchell the trustees under the will of testator John W. Barrett instituted in this court a proceeding for judicial settlement of their account as trustees of the trust created by testator for the benefit of Mitchell. Rutherford Trust Company and Carleton S. Cooke appeared in that proceeding as domiciliary executors and trustees of the estate of

Mitchell and as ancillary executors, appointed by this court, of Mitchell's estate. The accounting trustees asked that they be directed to turn over the trust principal to the domiciliary executors and trustees under the will of Mitchell pursuant to the exercise of the power of appointment granted by testator to Mitchell. A decree embodying such a direction was made in December, 1938.

The law, long-settled in this State, is that an instrument which exercises a power of appointment must be deemed read into the instrument granting the power, that trustees who act pursuant to the exercise of the power must qualify as trustees in the donor's estate and that property appointed in trust is subject to the control of the court having jurisdiction of the donor's estate (*Matter of New York Life Ins. & Trust Co.,* 139 N. Y. S. 695, affd. 157 App. Div. 916, affd. 209 N. Y. 585; *Bishop* v. *Bishop,* 257 N. Y. 40; *Matter of Harbeck,* 161 N. Y. 211; *Matter of Stewart,* 131 N. Y. 274; *Farmers' Loan & Trust Co.* v. *Mortimer,* 219 N. Y. 290; *Matter of Rogers,* 250 App. Div. 26; *Hirsch* v. *Bucki,* 162 App. Div. 659; *Matter of Gray,* 176 Misc. 829, affd. 266 App. Div. 732, affd. 292 N. Y. 532; *Matter of Bradford,* 165 Misc. 736, affd. 254 App. Div. 828; *Matter of Harriman,* 124 Misc. 320, affd. 217 App. Div. 733; *Matter of Rosenthal,* 283 App. Div. 316; *Matter of Walker,* 53 N. Y. S. 2d 102; *Matter of Phelps,* 45 N. Y. S. 2d 621; *Matter of Ladew,* 183 Misc. 1020). The courts of this State will determine whether a power granted by a New York resident has been validly exercised by the will of a nonresident donee (*Matter of Harriman, supra*) and, consistent with this and in recognition of the fact that jurisdiction is in the estate of the donor of the power, this court has refused to issue letters of trusteeship in respect of property appointed by a resident donee under a power granted by a nonresident donor (*Matter of Stewart,* 64 N. Y. S. 2d 293; *Matter of Ottmann,* N. Y. L. J., Feb. 10, 1945, p. 563, col. 7).

There are instances where a power of appointment is exercised to merge the appointed property with the property of the donee but that is not the fact here. The testamentary exercise of a power either in a manner that continues property in trust or in the form of outright bequests creates in the executor of the donee no interest whatsoever in the property so appointed (*Chase Nat. Bank* v. *Central Hanover Bank,* 265 App. Div. 434).

When Mitchell, exercising the power granted to him by his brother, continued the appointed property in trust he was not disposing of his own assets but, by authority conferred upon

him by his brother, he was disposing of property which never lost its identity as part of his brother's estate. In *Matter of Walbridge* (178 Misc. 32, 37) it was contended that the law of the donee's domicile, there Florida, controlled the exercise of a power of appointment and Surrogate Foley stated: "The fact is lost sight of that the property now accounted for is not the property of the donee but of the donor and must remain the property of the donor until it absolutely vests in some person or corporation. A donee with a power to appoint by will is a mere agent of the donor. Until absolute vesting the property remains subject to the jurisdiction and control of the courts of the domicile of the donor."

Here Mitchell's exercise of the power could not create a new trust but merely a continuance of the original trust for an additional period of time (*Matter of Coutts*, 260 N. Y. 128; *Matter of Williams*, 172 Misc. 430). The trustees designated by Mitchell to administer the trust for such additional period could not do so in Mitchell's estate, where no title to the appointed property reposed, but, under all the authorities, could do so only as trustees in the estate of testator John W. Barrett. Meeting the situation squarely it must be said that when the trustees accounting in 1938, asked that the appointed property be delivered over to the domiciliary executors and trustees of the donee of the power the accounting trustees were seeking a direction to which they were not entitled. It must be said further that the decree of this court, submitted on consents, made an improper direction in granting the prayer of the accounting trustees. The decree should have directed that the appointed property be delivered to the persons designated as trustees in Mitchell's will only upon their qualifying as trustees under the will of John W. Barrett, the person whose trust estate they would administer. There can be no question that, wherever the fund now may be physically located, this court has jurisdiction to construe the will and to determine the validity of the exercise of the power of appointment under the law of this State, which is the law governing the exercise of the power. No question as to the validity of the exercise of the power was presented in any prior proceeding in this court. Whether or not basis exists for reopening the prior decree in conjunction with such a construction is a question not before the court at this time.

There is now before the court an application by the executor and trustee under the will of John W. Barrett and by the executor under the will of Mabel A. Barrett, widow of John W.

Barrett, to compel Rutherford Trust Company and Carleton S. Cooke to account for the appointed property. The petition in this proceeding to compel an account alleges that Mitchell's attempted exercise of the power of appointment was invalid and that the property subject to the power passed as intestate property of John W. Barrett. Rutherford Trust Company and Carleton S. Cooke are cited in this proceeding as "executors, ancillary executors and/or trustees" under the last will and testament of Mitchell. Cooke, a resident of this State and a member of the New York Bar, was personally served with citation in this State. Citation was served upon Rutherford Trust Company as ancillary executor by service upon the clerk of the court pursuant to section 95 of the Surrogate's Court Act. The trust company, as executor and trustee, was served personally in New Jersey and the company, in all capacities mentioned in the citation, was served by publication. The individual and the corporation so served appear specially and move to set aside service of the citation on the ground that they are not persons subject to the jurisdiction of this court (Civ. Prac. Act, § 237-a).

The arguments of the parties raise questions as to *res judicata,* estoppel, the validity of the exercise of the power, construction of the wills of the donor and the donee and as to another action pending in New Jersey. One or more of such questions may exist in the proceeding after issues have been joined by answers to the petition but none of these questions is before the court on the present motions. The immediate question is solely one of whether or not jurisdiction of the parties exists in order to permit any issue between them to be given judicial consideration. If jurisdiction of the parties does exist, then after the filing of proper pleadings, the issues created by the pleadings may be disposed of. On the other hand, if jurisdiction is lacking, a proceeding within which to try issues is not pending. The immediate decision must be limited to the question of jurisdiction.

This court does not have jurisdiction to require the foreign fiduciaries to account for the assets of the donee of the power but, as hereinbefore pointed out, the appointed property is property of the estate of testator John W. Barrett and, as such, is in *custodia legis* within the jurisdiction of this court. The New Jersey fiduciaries derived no authority over the appointed property from the court of their appointment but solely by reason of the decree of this court which directed that the property be delivered into their hands. The situs of the trust was fixed by the domicile of the donor and the location of his assets

here at the date of his death. This court could not change that fact by a decree. A foreign trustee who is a resident of this State may be subjected to the jurisdiction of our courts by service of process here (*Braman* v. *Braman,* 236 App. Div. 164, 168; *Farmers' Loan & Trust Co.* v. *Pendleton,* 37 Misc. 256, affd. 90 App. Div. 607, revd. on other grounds 179 N. Y. 486) and may be required to account (*Matter of Chassman,* 99 N. Y. S. 2d 651). A failure of justice would follow if jurisdiction were to be denied (*Helme* v. *Buckelew,* 229 N. Y. 363; *Squier* v. *Houghton,* 131 Misc. 129). Personal jurisdiction of the individual who is a trustee has been acquired and his motion to set aside service upon him is denied.

Personal jurisdiction of the foreign trust company has not been obtained. Its designation of the clerk of this court as a person to receive process is to be construed as limited to the ancillary proceeding in the donee's estate. Service of citation by publication and personal service without the State seem to be inadequate in the circumstances. The trust company's motion to set aside the service of citation is granted.

Submit orders on notice.