Samuel H. Hofstadter, J.
The plaintiffs, holding a small minority stock interest in the corporate defendant, have brought this action both in their individual capacities and as stockholders of the corporation, in which the main relief sought is specific performance of a provision of a stockholders’ agreement to which the plaintiffs, the corporation and many of the individual defendants were parties. This provision in substance prescribes that if a stockholder offers his stock for sale to the corporation and the remaining stockholders and his offer is not accepted he may elect to “ dissolve and liquidate the corporation,” and thereupon all parties to the agreement shall vote their stock and do anything necessary or proper to “ cause the immediate dissolution and liquidation ” of the corporation. In support of the right of the plaintiffs to specific enforcement of the foregoing provision, the complaint alleges the preliminary steps necessary to entitle them to elect to dissolve and liquidate the corporation, their written election so to do on March 4, 1957, ard the continued failure and refusal of the defendants to carry out the dissolution and liquidation. The complaint contains six causes of action, four asserted against all the defendants and two against the corporation alone. The separate causes of action will be commented upon in the course of the opinion.
*901 This action was begun by service of the summons and complaint on December 18,1957. Two days before, on December 16,1957, the corporate defendant filed a petition for relief under section 722 of the Bankruptcy Act (U. S. Code, tit. 11) in the United States District Court for the Southern District of New York; the corporation has continued to operate its business as debtor-in-possession pursuant to the provisions of the Bankruptcy Act. On December 17, 1957 the District Court made an order staying all proceedings in any pending action to which the debtor was a party as well as the institution of any action for the purpose of taking possession of the debtor or its property, and on December 23, 1957 the Beferee in Bankruptcy specifically restrained the plaintiffs from taking any proceedings in this action. The corporate defendant and certain of the defendants as a group move, each by way of separate motion, to dismiss the complaint. Except for the branch of the motion by the individual defendants to dismiss the fourth cause of action for insufficiency, both motions are grounded on the pendency of the bankruptcy proceeding.
The corporate defendant, appearing specially, moves to set aside the service upon it on the ground that it is not subject to the jurisdiction of the court and on the ground that the court does not have jurisdiction of the subject matter of the action. The motion of the individual defendants seeks dismissal of five causes of action on the ground that the court does not have jurisdiction of the subject of the action and of another (the fourth) on the ground that it does not state facts sufficient to constitute a cause of action.
The Bankruptcy Act (U. S. Code, tit. 11, § 711) declares that the court in which the petition is filed shall have exclusive jurisdiction over the debtor and its property. By its special appearance the corporate defendant challenges the court’s jurisdiction over its person. No authority has been cited on the question whether the exclusive jurisdiction given the Bankruptcy Court places the corporate defendant beyond the reach of the process of this court. "When the summons in this action was served on the corporation it was, as it still is, in existence and service was made on its president. Together with the summons and complaint there were served on the corporation papers in support of a motion for the appointment of a receiver of its property. Apparently the corporation did not then regard itself as immune from process for, while contesting jurisdiction because of the prior filing of its petition for arrangement, it nevertheless did not make a special appearance, but through the *902 same attorneys who now appear for it specially and who also represent it in the bankruptcy proceeding, met on its merits the demand for the appointment of a receiver. The plaintiffs now argue that the corporate defendant thereby appeared generally and lost the right to challenge jurisdiction over its person both under section 237-a of the Civil Practice Act and under the decisions. (See Braman v. Braman, 236 App. Div. 164; Rathowsky v. Rathowsky, 272 App. Div. 775; Forbell v. Forbell, 274 App. Div. 807.) In view of the conclusion I have reached on the corporate defendant’s attack on the court’s jurisdiction of the subject of the action, the question of jurisdiction over its person becomes academic and need not be decided.
Three of the causes of action in the complaint are for the recovery of money from the corporation itself; the fourth, for the amount, if any, by which the value of the plaintiffs’ stock interest in the corporation on March 4, 1957, exceeds what they receive in distribution on its dissolution and liquidation; the fifth, for unpaid interest on debenture notes issued by the corporation; and the sixth, for the penalties incurred on failure to furnish the financial statement required by section 77 of the Stock Corporation Law in response to a proper demand therefor. These penalties are under the statute made payable by the corporation. Argument to demonstrate that such a direct assault on the treasury of the corporation is repugnant to the exclusive jurisdiction of its property which resides in the Bankruptcy Court would be superfluous. The entertainment of such suits by this court would be a clear invasion of the Federal court’s paramount jurisdiction. Accordingly, it must be held that this court is without jurisdiction over them.
The first three causes of action aimed at the dissolution and liquidation of the corporate defendant are equally beyond this court’s jurisdiction, certainly insofar as they pray for corporate action towards that end. These are all based on the refusal to carry out the provision of the stockholders’ agreement for the dissolution and liquidation of the corporation and the plaintiffs in their prayer for relief ask that “ defendant corporation be required and directed to specifically perform its agreement aforesaid ”. If this relief were granted not alone would the corporation cease to exist as a legal entity, but its affairs would be wound up under the direction of this court. Obviously this would utterly defeat the jurisdiction of the Bankruptcy Court. On its dissolution the debtor becomes extinct and can no longer be before that court and by liquidation in this court its property is wrested from the possession of the Bankruptcy Court. Thus, though given exclusive jurisdiction over the «debtor and its prop *903 erty the Bankruptcy Court would find itself left with neither. In stressing dissolution as the objective of this suit the plaintiffs overlook that the agreement invoked by them provides for liquidation as well as dissolution and that in their complaint they ask for the ‘' immediate dissolution and liquidation” of the corporation. The corporation should not be called on to defend its corporate life before this court while as debtor it is in the hands of the Bankruptcy Court. The complaint is dismissed as to the corporate defendant for want of jurisdiction of the subject of the action.
The motion for dismissal made by the individual defendants presents a somewhat different and more troublesome question. Since the fifth and sixth causes of action are not asserted against them at all, but solely against the corporation, they are not affected by the dismissal of these causes of action. Their motion addressed to these causes of action is denied as academic.
Much of what has been said regarding the impact of the first three causes of action asserted against the corporation is equally applicable insofar as these are asserted against the individual defendants. The complaint asks that the individuals be directed to do the acts necessary to effect the immediate dissolution and liquidation of the corporation. Were the plaintiffs to attain this objective the Bankruptcy Court’s jurisdiction would be destroyed just as effectively as if resulting from a direction against the corporation, rather than against the individuals. Action so hostile to the proceeding before the Bankruptcy Court should not be taken here. It would moreover be unseemly to permit the prosecution of a suit towards that end during the pendency of the proceeding for arrangement.
Despite the foregoing, I am not prepared to hold that this court is without jurisdiction of the subject of the first three causes of action against the individual defendants. They are not parties to the other proceeding and their property is not in the custody of the Bankruptcy Court. As to them, the action is one for the specific performance of an agreement. Nor may it be overlooked that an arrangement proceeding under chapter 11 of the Bankruptcy Act deals with the relations between the corporation seeking relief and its unsecured creditors, not with the rights of stockholders (U. S. Code, tit. 11, § 706; see 8 Collier on Bankruptcy, § 306, par. 2.07, p. 58). In my opinion, conflict may be avoided without renunciation of this court’s jurisdiction by staying the prosecution of the first three causes of action as against the moving individual defendants until after the termination of the proceeding in the Federal court. In this way the opportunity will have been afforded the plaintiffs to assert and *904 litigate these causes of action in this court, eventually, and at the same time there will be no interference with the orderly conduct of the arrangement proceeding in the United States District Court. The stay of these, three causes of action is to continue until 30 days after the termination of the arrangement proceeding and the time of the moving defendants to answer them is extended until 10 days after the expiration of such stay.
There remains for consideration the motion of the individual defendants to dismiss the fourth cause of action for failure to state a cause of action. In this cause of action the plaintiffs seek money damages from some of the moving defendants. The only defect urged is that the plaintiffs’ damages are unascertainable because the amount they will ultimately receive in liquidation is unknown. Since the measure of damages need not be stated in the complaint (Winter v. American Aniline Prods., 236 N. Y. 199, 204) and a good cause of action for breach of contract is stated, the motion to dismiss the fourth cause of action as to the individual defendants against whom it is asserted is denied, with leave to these defendants to answer this cause of action within 10 days after service of a copy of the order hereon with notice of entry.
Since no damages are demanded on this cause of action against those of the moving individual defendants who are not parties to the stockholders’ agreement, the motion is deemed as academic as to them and denied accordingly.
Settle one order on both motions.